# ALABAMA GREAT SOUTHERN RAILWAY COMPANY v. THOMPSON.

## CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 58. Argued November 9, 1905.—Decided January 2, 1906.

A question certified must be one the answer to which is to aid the court in determining a case before it.

The right of a defendant jointly sued with others to remove the case into the Federal court depends upon the case made in the complaint against the defendants jointly, and that right, in the absence of showing a fraudulent joinder, does not arise from the failure of complainant to establish a joint cause of action.

In determining whether a case may be removed by one defendant the question is not what the rule of the Federal court may be as whether or not the action is joint, but whether the controversy is one made removable by Congress in § 2 of the act of March 3, 1887, August 13, 1888.

A railroad corporation may be jointly sued with the engineer and conductor of one of its trains when it is sought to make the corporation liable only by reason of their negligence, and solely upon the ground of the responsibility of a principal for the act of his servant, though not personally present or directing and not charged with any concurrent act of negligence.

Such a suit is not removable by the corporation, as a separable controversy, even though the amount involved exceeds $2,000, exclusive of interest and costs, and the requisite diversity of citizenship exists between the said company and the plaintiff, if the citizenship of the individual defendants sued with the company as joint tort-feasors is identical with that of the plaintiff,

THE facts are stated in the opinion.

*Mr. Edward Colston*, with whom *Mr. Judson Harmon, Mr. A. W. Goldsmith, Mr. George Hoadly* and *Mr. Edmund F. Trabue* were on the brief, for Alabama Great Southern Railway Company:

Parties cannot be guilty of a joint tort unless each has contributed to the harmful result. In the present case the company, itself, has not been an actor in that which caused the

injury.   Its sole responsibility is because in law it is surety for
the conduct of these servants.   On that account alone it is
sued.   Such responsibility does not make it proper to join
them with the company in an action.   The liability of the
individual defendants is because they did the thing that brought
about the injury.   Such liability is entirely separate from that
of the company.   The questions propounded state the case of
a principal neither present at, nor directing nor concurring in,
the act which produces the injury.

This liability on the part of the master is enforceable only
in trespass on the case, while on the other hand, the serv-
ant is liable in trespass *vi et armis*.   4 Harv. L. Rev. 355;
Holmes on Common Law, 9, 15, 20; Pollock on Torts, 6th ed.,
75; *C. & O. Ry.* v. *Dixon*, 179 U. S. 131, distinguished; and
see *Winston's Adm'r* v. *I. C. R. Co.*, 23 Ky. L. R. 1285; *El-
liott* v. *Felton*, 119 Fed. Rep. 270; *Mulchey* v. *Methodist So-
ciety*, 125 Massachusetts, 487; *Campbell* v. *Sugar Co.*, 62 Maine,
552; *Warax* v. *C. N. O. & T. P. Ry.*, 72 Fed. Rep. 637; *Sher-
rod* v. *L. & N. W. R. R. Co.*, 4 Exch. *580; Pomeroy on Code
Remedies, 4th ed., § 208; Bliss on Code Pleadings, § 83; 17
Am. & Eng. Ency. of Law, 1st ed., 602; *Parsons* v. *Winchell*,
5 Cush. 592; *Hewitt* v. *Swift*, 3 Allen, 420; *Bailey* v. *Bussing*,
37 Connecticut, 349; *Sellick* v. *Hall*, 47 Connecticut, 260; *Page*
v. *Parker*, 40 N. H. 47; *Clark* v. *Frye*, 8 Ohio St. 377; *Bennett*
v. *Fifield*, 13 R. I. 139; *Cole* v. *Lippett*, 22 R. I. 31; *Trow-
bridge* v. *Forepaugh*, 14 Minnesota, 133; *Brinkerhoff* v. *Brown*,
6 Johns. Ch. Cas. 154.

For decisions of various Circuit Courts and Courts of Ap-
peals, in which this question has been elaborately and ably
discussed, and in which it has been held that in cases like the
present the action is not joint and that master and servant
cannot be sued jointly, see cases *supra* and *Beuttel* v. *Chi-
cago, M. & St. P. Ry. Co.*, 26 Fed. Rep. 50; *Fergason* v.
*Chicago, M. & St. P. Ry. Co.*, 63 Fed. Rep. 177; *Hartshorn*
v. *A., T. & S. F. R. R.*, 77 Fed. Rep. 9; *Doremus* v. *Root*,
94 Fed. Rep. 760; *Helms* v. *Northern Pac. Ry.*, 120 Fed. Rep.

389; *Davenport* v. *Southern Ry.*, 124 Fed. Rep. 983; *Gustafson* v. *Chi., R. I. & P. Ry. Co.*, 128 Fed. Rep. 87, 88; *Shaffer* v. *Union Brick Co.*, 128 Fed. Rep. 99; *McIntyre* v. *Southern Ry. Co.*, 131 Fed. Rep. 985.

The argument thus far has proceeded upon the supposition of a liability on the part of the two individual defendants. But in the case represented by the questions certified no liability is shown on the part of the conductor and engineer of the train and there is no reason why they or either of them should be made parties defendant. *Lane* v. *Cotton*, 12 Modern, 472, 488; Wharton on Agency, § 536; *Cameron* v. *Reynolds*, 1 Cowp. 403; *Williams* v. *Cranston*, 2 Starkie, *82; 1 Blackstone's Comm., *431; 1 Shearman & Redfield on Negligence, 5th ed., 243; 20 Am. & Eng. Ency. of Law, 2d ed., 52; Story on Agency, 9th ed., § 308; *Denny* v. *Manhattan Co.*, 2 Denio, 115; *Colvin* v. *Holbrook*, 2 N. Y. 129; *Murray* v. *Usher*, 117 N. Y. 546; *Van Antwerp* v. *Linton*, 35 N. Y. Supp. 318.

The question has been thoroughly discussed and the same conclusion arrived at, in *Feltus* v. *Swan*, 62 Mississippi, 415; *Steinhauser* v. *Spraul*, 127 Missouri, 541; *Delaney* v. *Rochereau & Co.*, 34 La. Ann. 1128; *Henshaw* v. *Noble*, 7 Ohio St. 226, 231; *Kelly* v. *Chicago &c. Ry. Co.*, 122 Fed. Rep. 289.

One of the tests by which to determine whether parties may be sued on a joint tort is whether the same proof would make a case against each. That test fails where the master's liability depends only upon his relation of master; because, to hold the servant liable, it would be necessary only to prove the doing of the act; but in order to make the master liable it is necessary to prove, in addition thereto, the agency of the servant and also that the injurious act was within the scope of such agency.

Where there is no liability on the part of the servant as, we think, is the case here, his joinder in an action with the master should not prevent a removal and defeat the object of the removal statute.

The construction of § 2, act of March 3, 1887, August 13,

1888, presents a Federal and not a state question. Accordingly, the judgment of Federal courts and not of state courts must be the criterion. This act confers a right of removal in certain specified cases, and the state legislatures have no power to alter, amend, or abolish this Federal right, directly, or by indirection. This statute confers the right of removal, and was passed for that express purpose, upon a non-resident citizen finding himself involved in a controversy with a citizen of the State of the forum when the controversy is one determinable between them alone. This provision takes no account of who may be parties to the action in which the controversy be found, nor of what may be the rules of practice, whether common law or statutory, of the State in which the action may be pending. *Removal Cases,* 100 U. S. 457, 468; *Blake* v. *McKim,* 103 U. S. 336; *Evers* v. *Watson,* 156 U. S. 527; *Barney* v. *Latham,* 103 U. S. 205.

The statute is meant to operate in all the States, and, nevertheless, the practice in any of those States may differ from that in any other State. There is no intimation in the statute that the separableness of the controversy, or its determinability between the citizens is to be determined by the practice, or the statutes of any State. Federal jurisdiction cannot be abridged or modified by any state statute. *Hyde* v. *Stone,* 20 How. 173; *Smyth* v. *Ames,* 169 U. S. 466; *Brow* v. *Wabash,* 164 U. S. 271. *Plymouth Co.* v. *Amador,* 118 U. S. 264, distinguished.

*Mr. E. S. Daniels, Mr. J. V. Williams* and *Mr. John O. Benson* for Thompson:

Under the practice and laws of Tennessee, the Supreme Court of such State recognizes the right to jointly sue the master and servants under like circumstances as those existing in this case, and this being true the Federal courts in most, if not all, the cases in which the question of the state law and practice were involved, have held that they will follow the practice of the state court. *Connell* v. *Utica Railroad Co.,* 13

Fed. Rep. 241; *Railway Co.* v. *Dixon*, 179 U. S. 131; *Charman* v. *Railway Co.*, 105 Fed. Rep. 449; *Southern Ry. Co.* v. *Carson*, 194 U. S. 136; *Swain* v. *Tennessee Copper Co.*, 111 Tennessee, 433; *Jones* v. *Ducktown Co.*, 109 Tennessee, 375, 386.

Under the facts alleged in the declaration in this case, plaintiffs' right of action is based not only upon the common law, but a violation of a statute of Tennessee. Shannon's Code, § 1574, par. 4. *Railroad Co.* v. *Pratt*, 85 Tennessee, 9, distinguished.

While the authorities are in conflict as to the right of joinder under the facts certified in this case, still we believe the authorities, both in numbers and in reasoning, largely preponderate in favor of the right of joinder. Most, if not all, the Federal cases which hold a contrary doctrine seem to follow *Warax* v. *Railway Co.*, 72 Fed. Rep. 637, which has been criticised and is error; see *Riser* v. *Southern Ry. Co.*, 116 Fed. Rep. 215, and Federal cases *supra*.

There are numerous state decisions to the effect that joint liability exists under the facts of this case. *Wright* v. *Compton*, 53 Indiana, 337; *Schumper* v. *Southern Ry. Co.*, 65 S. Car. 355; *Wright* v. *Wilcox*, 19 Wend. 343; *Phelps* v. *Waite*, 30 N. Y. 78; *C. N. & O. Ry. Co.* v. *Gook*, 67 S. W. Rep. 383; *Cook* v. *Winston*, 55 L. R. A. 603; *McHugh* v. *Nor. Pacific*, 72 Pac. Rep. 450; *Howe* v. *Railroad Co.*, 70 Pac. Rep. 100; *Schaefer* v. *Osterbrink*, 67 Wisconsin, 495; *Newman* v. *Fowler*, 37 N. J. L. 89; 1 Shearman & R. on Neg., 5th ed., § 248; Cooley on Torts, 1st ed., 142; Wood on Master & Servant, 2d ed., § 325; 1 Estee's Pleading, § 1834; 15 Ency. Pl. & Pr. 560.

The rule that there can be no contribution between joint tort feasors, has no application in cases where the master is held liable for the negligence of the servant under the rule of *respondeat superior*. *Gray* v. *Boston Co.*, 114 Massachusetts, 149; Story on Partnership, § 220; *Betts* v. *Gibbons*, 2 Ad. & El. 57; *Wooley* v. *Batte*, 2 C. & P. 417; *Bailey* v. *Bussing*, 28 Connecticut, 455; 7 Am. & Eng. Ency. of Law, 364.

When the removal is based upon the allegation of a separ-

able controversy, the whole suit goes to the Federal court. *Barney* v. *Latham*, 103 U. S. 205.

The removal statute provides that before the right of removal exists, "there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them. *Geer* v. *Mathieson Alkali Works*, 190 U. S. 428, 432.

At the same term at which this certificate was made, the same court held that the negligent acts of an individual defendant, under similar circumstances to those in the present case, constituted actionable negligence against him, and that no separate controversy existed. *American Bridge Co.* v. *Hunt*, 130 Fed. Rep. 302.

MR. JUSTICE DAY delivered the opinion of the court.

This case is here on a certificate from the United States Circuit Court of Appeals for the Sixth Circuit. The certificate states the facts and propounds the questions as follows:

"This was an action in tort brought by the administrator of Florence James for the negligent killing of the intestate by the defendant railroad company.

"The suit was started in a Circuit Court of the State of Tennessee and a declaration was there filed.

"The plaintiff was a citizen of Tennessee.

"The defendants were the Alabama Great Southern Railway Company, a corporation organized under the laws of Alabama, and William H. Mills and Edgar Fuller, both citizens of the State of Tennessee.

"The case was then removed into the court below upon petition of the railroad company alone, upon the ground that a separable controversy, involving more than $2,000, exclusive of interest and costs, existed between the petitioner and the plaintiff, as to whom diversity of citizenship existed, which could be tried out without the presence of either of the individual co-defendants of petitioner.

"A motion to remand to the state court because no removable separable-controversy appeared was overruled.

"Thereupon an issue was made and the case heard by court and jury, and a judgment rendered in favor of the plaintiff and against the railroad company alone.

"From this judgment the railroad company sued out this writ of error.

"Upon the hearing in this court the court raised the question as to whether the court below had rightfully acquired jurisdiction by the removal proceedings referred to, the removal being grounded only upon the question of separable controversy appearing upon the face of the declaration of the plaintiff at the time of the application for removal.

"That declaration substantially averred that the intestate of the plaintiff had been negligently, wrongfully and carelessly run over while upon the track of the railroad company, in the exercise of due care, by an engine and train of cars owned and operated by the railroad company, which said train was at the time under the management and control of the individual defendants, William H. Mills, as conductor, and Edgar Fuller, as engineer.

"Entertaining grave doubt as to whether a joint right of action was stated against the railroad company and the two individual defendants, who were servants of the railroad company, it is ordered that the foregoing statement be certified to the Supreme Court, and that the instruction of that court be requested for the proper decision of the following questions which arise upon the record:

"1. May a railroad corporation be jointly sued with two of its servants, one the conductor and the other the engineer of one of its trains, when it is sought to make the corporation liable only by reason of the negligent act of its said conductor and engineer in the operation of a train under their management and control, and solely upon the ground of the responsibility of a principal for the act of his servant, though not personally

present or directing and not charged with any concurrent act of negligence?

"2. Is such a suit removable by the corporation, as a separable controversy, when the amount involved exceeds $2,000, exclusive of interest and costs, and the requisite diversity of citizenship exists between the said company and the plaintiff, the citizenship of the individual defendants sued with the company as joint tort-feasors being identical with that of the plaintiff?"

A question certified must be one the answer to which is to aid the court in determining a case before it. *Columbus Watch Co.* v. *Robbins,* 148 U. S. 266. And it is evident that the matter to be determined in the case pending, desiring which the opinion of this court is asked, is the removability of the case brought in the state court against the railroad company and the individual defendants. We shall answer the questions in that view.

The right to remove the controversy is founded upon section 2 of the act of March 3, 1887, as corrected August 13, 1888, (1 Suppl. Rev. Stat: 611). It is therein provided, among other things, "And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the Circuit Court of the United States for the proper district."

The case was removed upon the theory that it contains a separable controversy between the non-resident railroad company and the plaintiff. The removal act of 1875, as amended in 1887, 1888, in the part quoted above as to separable controversies, has been the subject of frequent adjudication in this court. Independent of statute, there is much conflict in the authorities as to whether a corporation, whose liability does not arise from an act of concurrence or direction on its part, but solely as a result of the relation of master and servant, may be jointly sued with the servant whose negligent conduct directly

caused the injury.    In a leading case in this court, *Chesapeake
& Ohio Ry. Co.* v. *Dixon,* 179 U. S. 131, many of the cases
were reviewed by the Chief Justice who delivered the opinion,
and it was shown that in a number of English and American
cases it has been held that, as to third persons, the master is
responsible for the negligence of his servant in a joint action
against both, to recover damages for an injury.  In the cases
of *Warax* v. *Cincinnati, N. O. & T. P. Railroad Co.,* 72 Fed. Rep.
637, a case which has been much cited and sometimes followed
in the Federal courts, it was held that a joint action could not
be sustained against master and servant for acts done without
the master's concurrence or direction, when his responsibility
arises wholly from the policy of the law, which requires that
he shall be held liable for the acts of those he employs in the
prosecution of his business.    And it was held that the petition
against the engineer and the company presented a case of mis-
joinder, and could be removed on the application of the non-
resident company.

In the case of *Powers* v. *Chesapeake & Ohio Ry. Co.,* 169 U. S.
92, suit was brought against a railroad company and several
of its servants for an injury alleged to have been caused by
the joint negligence of all.    Mr. Justice Gray, delivering the
opinion of the court, said:

"It is well settled that an action of tort, which might have
been brought against many persons or against any one or more
of them, and which is brought in a state court against all
jointly, contains no separate controversy which will authorize
its removal by some of the defendants into the Circuit Court
of the United States, even if they file separate answers and set
up different defenses from the other defendants, and allege
that they are not jointly liable with them, and that their own
controversy with the plaintiff is a separate one; for, as this
court has often said, 'A defendant has no right to say that an
action shall be several which the plaintiff seeks to make joint.'
A separate defense may defeat a joint recovery, but it cannot
deprive a plaintiff of his right to prosecute his suit to final de-

cision in his own way. The cause of action is the subject matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings. *Pirie* v. *Tvedt,* 115 U. S. 41, 43; *Sloane* v. *Anderson,* 117 U. S. 275; *Little* v. *Giles,* 118 U. S. 596, 600, 601; *Louisville & Nashville R. R. Co.* v. *Wangelin,* 132 U. S. 599; *Torrence* v. *Shedd,* 144 U. S. 527, 530; *Connell* v. *Smiley,* 156 U. S. 335, 340."

After thus stating the rule, the Justice commented on the *Warax case, supra,* as a departure from the former ruling of the Circuit Court. And while the *Powers case* was decided on the ground of the right to remove after the local defendants had been dismissed from the action by the plaintiff, it is patent from the language just quoted from the opinion that, conceding the misjoinder of causes of action appeared on the face of the petition, that fact was not decisive of the right of the non-resident defendant to remove the action to the Federal court.

And in *Louisville & Nashville R. R. Co.* v. *Wangelin,* 132 U. S. 599, 601, the same eminent judge, speaking for the court, said:

"It has often been decided that an action brought in a state court against two jointly for a tort cannot be removed by either of them into the Circuit Court of the United States, under the act of March 3, 1875, c. 137, § 2, upon the ground of a separable controversy between the plaintiff and himself, although the defendants have pleaded severally, and the plaintiff might have brought the action against either alone. 18 Stat. 471; *Pirie* v. *Tvedt,* 115 U. S. 41; *Sloane* v. *Anderson,* 117 U. S. 275; *Plymouth Company* v. *Amador & Sacramento Co.,* 118 U. S. 264; *Thorn Wire Hedge Co.* v. *Fuller,* 122 U. S. 535.

"It is equally well settled that in any case the question whether there is a separable controversy which will warrant a removal is to be determined by the condition of the record in the state court at the time of the filing of the petition for removal, independently of the allegations in that petition or in the affidavit of the petitioner—unless the petitioner both alleges and proves that the defendants were wrongfully made

joint defendants for the purpose of preventing a removal into the Federal court."

The language quoted by Mr. Justice Gray in the *Powers case* was used by Chief Justice Waite in delivering the opinion of the court in *Louisville & Nashville Railroad Company* v. *Ide*, 114 U. S. 52. The Chief Justice said: "A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. *Smith* v. *Rines*, 2 Sumner, 348. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way." It is true, as suggested by counsel, that Mr. Justice Gray used the word "seeks" instead of "elects"; but we do not perceive that this change deprives the doctrine announced of its force and effect.

The language is used of an action begun in the state court, and it is recognized that the plaintiff may select his own manner of bringing his action and must stand or fall by his election. If he has improperly joined causes of action he may fail in his suit; the question may be raised by answer and the right of the defendant adjudicated. But the question of removability depends upon the state of the pleadings and the record at the time of the application for removal, *Wilson* v. *Oswego Township*, 151 U. S. 56, 66, and it has been too frequently decided to be now questioned that the plaintiff may elect his own method of attack, and the case which he makes in his declaration, bill or complaint, that being the only pleading in the case, is to determine the separable character of the controversy for the purpose of deciding the right of removal. *Louisville & Nashville Railroad Co.* v. *Ide*, 114 U. S. 52; *Graves* v. *Corbin*, 132 U. S. 571; *Little* v. *Giles*, 118 U. S. 596; *East Tennessee, V. & G. R. R.* v. *Grayson*, 119 U. S. 240; *Torrence* v. *Shedd*, 144 U. S. 527; *Chesapeake & Ohio R. R.* v. *Dixon*, 179 U. S. 131; *Southern Ry.* v. *Carson*, 194 U. S. 136.

In *Whitcomb* v. *Smithson*, 175 U. S. 635, an action was brought by Smithson in a state court of Minnesota against the Chicago Great Western Railway Company and Whitcomb

and Morris, receivers of the Wisconsin Central Company, to recover for personal injuries while serving the Chicago Great Western Railway Company as a fireman, as the result of a col- lision between the locomotive upon which he was at work and one operated by the receivers, who were officers of the Federal court.   The railway company answered, and the receivers filed a petition for removal to the United States Circuit Court. The case was thereafter remanded by the Federal court,-that court holding there was no separable controversy and that the joinder was in good faith .  Upon the trial in the state court a verdict was directed by the court in favor of the railway com- pany.   Thereupon the receivers asked permission to file a sup- plemental petition for removal, and upon proffer of a petition and bond the application was denied, and a verdict was re- turned against the receivers only.   Of this feature of the case the Chief Justice, delivering the opinion of the court, said:

"The contention here is that when the trial court determined to direct a verdict in favor of the Chicago Great Western Rail- way Company, the result was that the case stood as if the re- ceivers had been sole defendants, and that they then acquired a right of removal which was not concluded by the previous action of the Circuit Court.   This might have been so if when the cause was called for trial in the state court plaintiff had discontinued his action against the railway company, and thereby elected to prosecute it against the receivers solely, instead of prosecuting it on the joint cause of action set up in the complaint against all the defendants.   *Powers* v. *Chesa- peake & Ohio Railway,* 169 U. S. 92.   But that is not this case.   The joint liability was insisted on here to the close of the trial, and the non-liability of the railway company was ruled *in invitum.*"

In other words, the right to remove depended upon the case made in the complaint against both defendants jointly, and that right in the absence of a showing of fraudulent joinder, did not arise from the failure of the complainant to establish a joint cause of action.

The fact that by answer the defendant may show that the liability is several cannot change the character of the case made by the plaintiff in his pleading so as to affect the right of removal.   It is to be remembered that we are not now dealing with joinders, which are shown by the petition for removal, or otherwise, to be attempts to sue in the state courts with a view to defeat Federal jurisdiction.   In such cases entirely different questions arise, and the Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals.

In the present case there is nothing in the questions propounded which suggests an attempt to commit a fraud upon the jurisdiction of the Federal courts.

As shown in the opinion of the Chief Justice in the *Carson case, supra,* the cases are in difference as to whether a common law action can be sustained against master and servant jointly because of the responsibility of the master for the acts of the servant in prosecuting the master's business.   In good faith, so far as appears in the record, the plaintiff sought the determination of his rights in the state court by the filing of a declaration in which he alleged a joint cause of action.

Does this become a separable controversy within the meaning of the act of Congress because the plaintiff has misconceived his cause of action and had no right to prosecute the defendants jointly?   We think in the light of the adjudications above cited from this court, it does not.   Upon the face of the complaint, the only pleading filed in the case, the action is joint.   It may be that the state court will hold it not to be so.   It may be, which we are not called upon to decide now, that this court would so determine if the matter shall be presented in a case of which it has jurisdiction.   But this does not change the character of the action which the plaintiff has seen fit to bring, nor change an alleged joint cause of action into a separable controversy for the purpose of removal.   The case cannot be removed unless it is one which presents a separable controversy

wholly between citizens of different States. In determining this question the law looks to the case made in the pleadings, and determines whether the state court shall be required to surrender its jurisdiction to the Federal court.

As early as 1816 this court, in determining a question of jurisdiction, was governed by the character of the suit brought by the plaintiff. In *New Orleans* v. *Winter*, 1 Wheat. 91, it was held that a citizen of a Territory could not sue in a Federal court by joining with himself a citizen of another State. The opinion was delivered by Chief Justice Marshall, who said (p. 95): "In this case it has been doubted whether the parties might elect to sue jointly or severally. However this may be, having elected to sue jointly, the court is incapable of distinguishing their case, so far as respects jurisdiction, from one in which they were compelled to unite."

It is urged with much earnestness by the learned counsel for the company that this view works a surrender of the right of determination of Federal rights in the Federal courts, and deprives non-resident citizens of their rights to appeal to those tribunals. The decision of a state court, that such actions as the present might be joint at common law, would have no controlling effect in the Federal courts in determining the question in causes properly before them. And the question here is not what is the rule of the Federal courts in similar cases, but is, what controversies has Congress made removable in the act under consideration? Congress has not said, whatever it might do, that controversies between citizens of different States shall be removable wherein it is sought, contrary to the law as administered in the Federal courts, to hold the citizen of another State to joint liability in tort with a citizen of the State where the action is brought. The fact that the state court may take a different view from the courts of the United States of the common law as to the character of such actions, and the right to prosecute them in form joint as well as several, affords no ground of removal.

The Federal courts in some States hold a different rule as to

the doctrine of fellow-servants from that administered in the state courts, and in other ways administer the common law according to their own views. It has not been suggested that a right of removal should arise from such differences. No more has Congress given the right where the State permits an action to be prosecuted jointly which would be held to be several only in the courts of the United States. The applicant for removal has been duly summoned into a cause in course of prosecution in the state court. All of the defendants not being non-residents it can remove only if it presents a separable controversy, which can be wholly determined between itself and the plaintiff. The test of such controversy, as this court has frequently said, is the cause of action stated in the complaint. That is joint in character, and there is no attack upon the good faith of the action. In such case we hold that no separable controversy is presented within the meaning of the act of Congress.

We answer the first question: That for the purpose of determining the right of removal the cause of action must be deemed to be joint. The views herein expressed lead to an answer to the second question in the negative.

In this opinion we have taken no account of the peculiar statute of Tennessee as to the liability of railroads for injuries to persons on the tracks, as its effect is not presented in the questions propounded, nor is it stated that the injury was received in the State of Tennessee.