PAINTER v. CHICAGO, B. & Q. R. CO. et al.

(Circuit Court, D. Nebraska, Grand Island Division. December 16, 1909.)

1. REMOVAL OF CAUSES (§ 50*)—GROUNDS—DIVERSITY OF CITIZENSHIP—SEPARABLE CONTROVERSY.

That an action for causing death, against a railroad company, and a conductor and brakeman in its employ, is based as against the railroad company on Comp. St. Neb. 1909, c. 72, art. 1, § 3, providing that every railroad company shall be liable for damages inflicted on passengers, while the liability of the employés is for negligence under the common law, does not present a separable controversy so as to entitle the railroad to removal of the cause, under Act March 3, 1875, c. 137, § 2, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, § 1, 24 Stat. 552 and corrected Act August 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 509) providing that when there shall be a controversy between citizens of different states and which can be fully determined as between them, either one or more of the defendants may remove the suit in to the Circuit Court of the United States.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 100; Dec. Dig. § 50.*

Separable controversy affecting right to remove cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

2. REMOVAL OF CAUSES (§ 50*)—GROUNDS—DIVERSITY OF CITIZENSHIP—SEPARABLE CONTROVERSY.

Since Code Civ. Proc. Neb. § 2, provides that there is but one form of action, distinctions between actions in case and trespass do not determine the question whether a cause of action for death arising in Nebraska presents a separable controversy within the statutes relating to removal of causes to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 100; Dec. Dig. § 50.*]

3. REMOVAL OF CAUSES (§ 49*)—GROUNDS—DIVERSITY OF CITIZENSHIP—SEPARABLE CONTROVERSY.

Whether separable controversies are presented does not depend on whether the cause of action is a joint one against the defendants.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95-99; Dec. Dig. § 49.*]

Action by Calvin B. Painter, administrator of the estate of Lloyd Painter, deceased, against the Chicago, Burlington & Quincy Railroad Company and others. Petition for remand of cause to state court. Sustained.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. L. Cleary and Fred W. Ashton, for plaintiff.
James E. Kelby and Halleck F. Rose, for defendants.

T. C. MUNGER, District Judge. The plaintiff filed a petition in the state court alleging that, in leaving the coach where he had been riding as a passenger upon the defendant railroad company's train, his intestate fell through the open doorway in the floor of the vestibule of the coach, receiving injuries which caused his death. The petition was filed against the railroad company and the conductor and brakeman in charge of the coach, and alleged that each of the defendants negligently permitted the vestibule to remain open and unprotected, and negligently left this open place unguarded, thereby causing the injuries described. A petition for the removal of the case to this court was filed by the railroad company alleging that there was a separable controversy between the plaintiff and the railroad company. A motion to remand has been submitted. The record discloses that the defendant employés are citizens of Nebraska, as also is the plaintiff. A statute of Nebraska reads as follows (section 3, art. 1, c. 72, Comp. St. Neb.):

"Every railroad company, as aforesaid, shall be liable for all damages inflicted upon the person of passengers while being transported over its road, except in cases where the injury done arises from the criminal negligence of the person injured, or when the injury complained of shall be the violation of some express rule or regulation of said road actually brought to his or her notice."

The argument of the railroad company is that there is a separable controversy between the railroad company and the plaintiff, because the petition of the plaintiff states a cause of action as against the railroad company under this statute, while the cause of action stated in plaintiff's petition against the conductor and brakeman is one for negligence arising under the common law. The statutes of the United States provide as follows:

"When in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district." Section 2, Act March 3, 1875, c. 137, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, 24 Stat. 552, and corrected Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 509).

The "controversy" defined by this statute is the plaintiff's cause of action, and that cause of action is whatever the plaintiff, in good faith, has declared it to be in his petition. Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92–97, 18 Sup. Ct. 264, 42 L. Ed. 673; Alabama Southern Ry. Co. v. Thompson, 200 U. S. 206–216, 26 Sup. Ct. 161, 50 L. Ed. 441; Wecker v. National Enameling & Stamping Co., 204 U. S. 176–182, 27 Sup. Ct. 184, 51 L. Ed. 430. The plaintiff's cause of action, if it be founded upon the Nebraska statute cited, is nevertheless an action for the negligence of the railroad company, under the settled construction of this statute by the Supreme Court of Nebraska. Missouri Pacific Ry. Co. v. Baier, 37 Neb. 235, 55 N. W. 913;

Union Pacific Ry. Co. v. Porter, 38 Neb. 226, 56 N. W. 808; Chicago, Burlington & Quincy R. R. Co. v. Hague, 48 Neb. 97, 66 N. W. 1000; Fremont, Elkhorn & Mo. Valley R. R. Co. v. French, 48 Neb. 638, 67 N. W. 472; Chicago, Rock Island & Pacific Ry. Co. v. Zernecke, 59 Neb. 689, 82 N. W. 26, 55 L. R. A. 610; Chicago, Rock Island & Pac. Ry. Co. v. Eaton, 59 Neb. 698, 82 N. W. 1119. Because the suit of plaintiff as against the railroad company is founded upon the statute, and as against the employés is founded upon the common law, it does not necessarily follow that the plaintiff has joined separate causes of action. While the facts which must be proved as against the defendants are not the same as to each, this is true of many cases where defendants are properly joined in one action. In the case of a joint trespass or conversion the proof of each defendant's participation in the tort must be established, and such proof is no part of the case as against any other defendant. In an action alleging concurrent negligence of several defendants, as the collision between trains of different railway companies (Whitcomb v. Smithson, 175 U. S. 635, 20 Sup. Ct. 248, 44 L. Ed. 303), sufficient proof against one may not establish the liability of the other. Yet because an action is for concurrent negligence, separable controversies are not presented. Chesapeake & Ohio Ry. Co. v. Dixon, 179 U. S. 131–139, 21 Sup. Ct. 67, 45 L. Ed. 121. When joint negligence is charged against the master and servant, resulting from the negligent act of the servant, in addition to the proof of negligence of the servant, there must be proved, as against the master, a fact irrelevant to the case against the servant, to wit, the relationship of the servant to the master. An action for such joint negligence does not present a separable controversy. Alabama Great Southern Ry. Co. v. Thompson, 200 U. S. 206, 218, 220, 26 Sup. Ct. 161, 50 L. Ed. 441.

It may be true that in the case at bar the plaintiff need not prove acts which amount to negligence at the common law on the part of the railroad company, while as against the employés such proof must be made, but in an action under the common law for concurrent negligence, against two railway companies, causing injury to a passenger by a collision of the train upon which he is riding with the train of another railway, slight negligence is sufficient proof against the one, while lack of ordinary care must be proved as against the other. If a single cause of action is presented (see Alabama Great Southern Ry. Co. v. Thompson, 200 U. S. 206–216, 26 Sup. Ct. 161, 50 L. Ed. 441) against the railway company and the engineer running the engine, for a collision of the train with one upon the track, when the negligence claimed arises from excessive speed or failure to give signals, as required by the common law, it can hardly be said that separable controversies exist, when such excessive speed or failure to give signals are alleged to be in violation of some statute regulating such speed and signals.

The conclusion is that separable controversies are not presented by the plaintiff's petition, even though the rights asserted by him are founded on the statute as against one defendant and upon the common law as to the other defendant. Under section 2 of the Nebraska Civil

Code, there is but one form of action, and hence distinctions between actions in case and trespass do not determine the question. The plaintiff alleges but one transaction, and no practical difficulty arises in submitting the issues to the jury, and in many states joint actions are maintainable against the master and servant for the negligence of the servant. 15 Encyc. Pleading & Practice, 560. The question whether separable controversies are presented does not depend upon whether or not the cause of action is a joint one against the defendants. The plaintiff, in good faitl., as appears from the record, has endeavored to charge a joint liability arising from the negligence of all of the defendants.

In Alabama Great Southern Railway Company v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, the plaintiff, as administrator, brought an action against the railway company and its engineer and conductor, charging joint negligence in running over the deceased while he was upon the track of the railway company, causing his death. The railway company removed the action to the United States court. The court says:

"If he (plaintiff) has improperly joined causes of action he may fail in his suit; the question may be raised by answer and the right of the defendant adjudicated. But the question of removability depends upon the state of the pleadings and the record at the time of the application for removal (Wilson v. Oswego Township, 151 U. S. 56, 66 [14 Sup. Ct. 259, 38 L. Ed. 70]), and it has been too frequently decided to be now questioned that the plaintiff may elect his own method of attack, and the case which he makes in his declaration, bill, or complaint, that being the only pleading in the case, is to determine the separable character of the controversy for the purpose of deciding the right of removal. * * *

"Does this become a separable controversy within the meaning of the act of Congress because the plaintiff has misconceived his cause of action and had no right to prosecute the defendants jointly? We think, in the light of the adjudication above cited from this court, it does not. Upon the face of the complaint, the only pleading filed in the case, the action is joint. It may be that the state court will hold it not to be so. It may be, which we are not called upon to decide now, that this court would so determine if the matter shall be presented in a case of which it has jurisdiction. But this does not change the character of the action which the plaintiff has seen fit to bring, nor change an alleged joint cause of action into a separable controversy for the purpose of removal. The case cannot be removed unless it is one which presents a separable controversy wholly between citizens of different states. In determining this question the law looks to the case made in the pleadings, and determines whether the state court shall be required to surrender its jurisdiction to the federal court."

In the case of Wecker v. National Enameling & Stamping Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, the plaintiff brought an action against the defendant company and two employés, only one of whom was served with process, and the defendant company removed the action into the United States court. The negligence charged against the employé was in superintending and planning the equipment and place to work which plaintiff was required to use and in failing to instruct the plaintiff as to his duties. The court expressly reaffirmed the decision in Alabama Southern Railway Co. v. Thompson, cited above, and in the opinion said:

"In that case it was held that: upon a question of removal, where a plaintiff, in good faith, prosecuted his suit as upon a joint cause of action, and the re-

moval was sought when the complaint was the only pleading in the case, the action as therein stated was the test of removability, and if that was joint in character, and there was no showing of a want of good faith of the plaintiff, no separable controversy was presented with a nonresident defendant, joined with a citizen of the state; in other words, if the plaintiff had, in good faith, elected to make a joint cause of action, the question of proper joinder is not to be tried in the removal proceedings, and that, however that might turn out upon the merits, for the purpose of removal the case must be held to be that which the plaintiff has stated in setting forth his cause of action. * * * Much discussion is had in this case as to whether the alleged cause of action is joint or several in its character, and whether the corporation and Wettengel could be jointly held responsible to the plaintiff upon the allegations of the complaint, but we do not deem it necessary to determine that question. Upon the authority of the Alabama Great Southern Case, supra, and the preceding cases in this court which are cited and applied in the opinion in that case, if the complaint is filed in good faith, the cause of action, for the purposes of removal, may be deemed to be that which the plaintiff has undertaken to make it. * * *"

The plaintiff in this case has elected to make his attack by charging in his petition the concurrent negligence of the defendants, and, in the language of the case last cited, "whether the alleged cause of action is joint or several in its character, and whether the corporation and (employés) could be jointly held responsible to the plaintiff upon the allegations of the complaint," is not material at this time.

Counsel for the railroad company have cited as applicable to this case the decisions in Chicago, R. I. & P. Ry. Co. v. Stepp (C. C.) 151 Fed. 908, and Lockard v. St. Louis & S. F. R. Co. (C. C.) 167 Fed. 675, but each of these cases proceeded upon the theory that the cause of action stated against the employé as well as against the corporation was based upon a statute, whereas no cause of action existed under such statute against the employé, and therefore there was but one controversy presented, to wit, the plaintiff's cause of action against the corporation. In the first case it is said:

"It is conceded on argument by counsel for respondents that the joint liability of Louis Collier, the engineer, is predicated of the amendatory act of the Legislature. * * * If this statute does not embrace the engineer in charge of the locomotive, as the servant of the railway company, it is further conceded that there is no joint liability of the company and said Collier, and consequently the case was removable on the petition of the former." Pages 910, 911, of 151 Fed.

In the second case cited it was held that no cause of action existed under the common law against the employé for the acts alleged in the petition and "the cause of action given by the statute to which I have referred is against the railroad company alone, and not against its employé." Pages 676, 677, of 167 Fed. In the case now before the court it is conceded that there is an action against the employés for the acts alleged, at the common law, and one against the railroad company, under the statute of this state.

For the reasons expressed, the motion to remand will be sustained.