FOSTER v. COOS BAY GAS & ELECTRIC CO. et al.

(Circuit Court, D. Oregon. February 13, 1911.)

No. 3,667.

1. REMOVAL OF CAUSES (§ 61*)—PETITION—PROOF.

Where an action in tort is brought in a state court by a resident plaintiff against a resident and a nonresident defendant who are concurrently or jointly liable, an allegation in a petition for removal that the resident defendant was joined solely to prevent a removal was insufficient without proof of the fact to sustain a removal of the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 115; Dec. Dig. § 61.*]

2. REMOVAL OF CAUSES (§ 49*)—JOINDER OF DEFENDANTS—INTENT.

Where an action in tort is brought in a state court by a resident plaintiff against a resident and a nonresident defendant, plaintiff's motive in making the resident defendant a party is immaterial, in the absence of a showing of bad faith, unless it appears from the complaint that there is no joint right of action against him and the nonresident defendant.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95–99; Dec. Dig. § 49.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. REMOVAL OF CAUSES (§ 49*)—JOINDER OF PARTIES—SEPARABLE CONTROVERSY.

Where an action in tort is brought in a state court by a resident plaintiff against a resident and a nonresident defendant, who are concurrently or jointly liable, but which might have been brought against any one or more of them instead of all, containing no separable controversy, it is not removable to the Circuit Court of the United States by the nonresidents, and this though the liability of petitioning defendant is based solely on the doctrine of respondeat superior.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95–99; Dec. Dig. § 49.*

Removal of causes: Separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

4. REMOVAL OF CAUSES (§ 61*)—JOINT CAUSE OF ACTION—TEST OF REMOVABILITY.

Where plaintiff in good faith prosecutes his action on a joint cause of action against a resident and a nonresident defendant, and the complaint is the only pleading in the case, the test of removability is the action as stated in the complaint; the question of joint liability not being triable in the removal proceedings.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 115; Dec. Dig. § 61.*]

Action by Thomas C. Foster against the Coos Bay Gas & Electric Company and another. On motion to remand. Granted.

George Watkins, for plaintiff.

John D. Goss, for defendant Coos Bay Gas & Electric Co.

BEAN, District Judge. The petition for removal does not charge that Harrington was made a defendant for the fraudulent purpose of depriving the federal court of jurisdiction, but "for the sole and single purpose of preventing the removal" to this court. No proof is offered by the petitioner in support of this averment, and it is therefore insufficient of itself to justify a removal. Plymouth G. M. Co. v. Amador & S. C. Co., 118 U. S. 264, 6 Sup. Ct. 1034, 30 L. Ed. 232. The motive of the plaintiff in making Harrington a defendant is immaterial, in the absence of a showing of bad faith, unless it appears from the complaint that there is no joint right of action against him and his codefendant. The complaint charges a joint, tort against both defendants. It is alleged that the several negligent acts complained of were the joint acts of both parties. They could, therefore, be sued either jointly or severally, and it is settled law that an action of tort brought in the state court by a resident plaintiff against a resident and a nonresident defendant who are concurrently or jointly liable, but which might have been brought against any one or more of them, instead of against all, contains no separable controversy authorizing its removal by the nonresidents to the Circuit Court of the United States, and this, notwithstanding the fact that the liability of the petitioning defendant is based solely upon the doctrine of respondeat superior. Alabama Great Southern Ry. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441. And, where a plaintiff in good faith prosecutes his action upon a joint cause of action and the com-

plaint is the only pleading in the case, the test of removability is the action as stated in the complaint. If it is joint in character and there is no showing of bad faith, the question of joint liability is not to be tried in the removal proceeding, but the case must be held to be that which the plaintiff has stated in setting forth his cause of action. Southern Ry. v. Miller, 217 U. S. 209, 30 Sup. Ct. 450, 54 L. Ed. 732; Thomas v. Gt. Northern, 147 Fed. 83, 77 C. C. A. 255; Alabama Great Southern R. Co. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 411; 4 Am. & Eng. Ann. Cas. 1150, and note.

It may be that the charge of a joint tort is colorable, and that it will ultimately be so held, but this does not change the alleged joint cause of action into a separable controversy for the purpose of removal. The case made by the plaintiff in his complaint, in the absence of bad faith, is determinative of the right of removal, and not the subsequent proceedings which may be had in the case. Cin. & Texas Ry. v. Bohon, 200 U. S. 221, 26 Sup. Ct. 166, 50 L. Ed. 448; C. & O. Ry. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121.

As plaintiff has stated a joint liability and there is no showing of bad faith, it follows that the case was improperly removed to this court, and the motion to remand must be allowed.