## DWINELLE et al. v. UNION PAC. R. CO. et al.

### No. 10772.

District Court, D. Colorado.

Oct. 27, 1936.

Wade P. Connell and Michael M. Rinn, both of Boulder, Colo., for plaintiffs.

E. G. Knowles and C. C. Dorsey, both of Denver, Colo., for defendant Union Pac. R. Co.

S. M. January and Ronald V. Yegge, both of Denver, Colo., for defendants George W. Finn and Cecil C. Cox.

SYMES, District Judge.

On plaintiffs' motion to remand:

The plaintiffs are heirs of law of Fred R. Dwinelle, deceased, who was killed in a grade crossing collision between a passenger motorcar operated by the defendant railroad—a common carrier—and an automobile truck owned by the defendant Cox, driven by his employee Perry, in which the deceased, Dwinelle, was riding as a guest. The defendant Finn, an employee of the railroad company, was the motorman of said motorcar. It is alleged that Finn operated the motorcar at an excessive rate of speed, did not keep a reasonable and prudent lookout, failed to apply the brakes and give adequate warning, etc., on approaching the crossing. The liability of the railroad company is grounded solely on respondeat superior.

The case, filed originally in the state court, was removed here, and the plaintiffs now move to remand. The Union Pacific, resisting the motion, contends that a separable controversy exists between it and plaintiffs, and that the attempted joinder of the defendant Finn is fraudu-

lent in law, he being neither a necessary or proper party to the controversy between the plaintiffs and the Union Pacific.

. The Colorado Code (C.L.1921, § 11), provides: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

Counsel for the railroad say that in Colorado, when the liability of the master for the act of his servant is based solely upon the rule of respondeat superior, there can be no joint liability, citing Western Union Telegraph Co. v. Olsson, 40 Colo. 264, 90 P. 841. In that case an action was brought against the telegraph company and its agent jointly to recover for personal injuries. It seems that the defendant, a telegraph operator, kept a loaded revolver in the telegraph office, which fell from a shelf and was discharged, injuring the plaintiff. According to the Supreme Court, the record affirmatively showed that neither the company or its officers had any knowledge whatever of the existence of the revolver, or that it was in the office. The court held that in the absence of any showing of a direction to the employee to so keep the revolver, or knowledge or ratification of the act, the company was not liable; that therefore no joint liability was proven. This case does not, nor does Stratton's Independence v. Sterrett, 51 Colo. 17, 117 P. 351, hold that joint liability cannot exist, where it is sought to hold the employer for the acts of the agent, for which the employer would be responsible. In the Western Union Case, supra, the court cited and seemed to rely upon Warax v. Cincinnati, N. O. & T. P. Railroad Co. (C.C.) 72 F. 637—a much cited federal case—although it was not necessary to a decision. The Warax Case, however, has been much criticized; Alabama Southern Ry. Co. v. Thompson, 200 U.S. 206, 26 S. Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147, and cases cited. And according to Judge Hutcheson in Lake v. Texas News Co. (D. C.) 51 F.(2d) 862, has been long since discarded by the Supreme Court. See cases cited.

In Alabama Southern Ry. Co. v. Thompson, supra, the court says, citing Powers v. Chesapeake & Ohio Ry. Co., 169 U.S. 92, 18 S.Ct. 264, 265, 42 L.Ed. 673: "It is well settled that an action of tort, which might have been brought against many persons or against any one or more of them, and which is brought in a state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the circuit court of the United States, even if they file separate answers and set up different defenses * * * and allege that they are not jointly liable with them, and that their own controversy with the plaintiff is a separate one; for, as this court has often said: 'A defendant has no right to say that an action shall be several which the plaintiff seeks to make joint.'"

In my memorandum in Sleeth v. Union Pacific Railroad Company, No. 8164,[1] the facts were different. There plaintiff attempted to join the railroad company with the driver of an automobile which collided with a railroad train at a crossing. The rule of respondeat superior was not involved, and I stated that in order to hold the two defendants as joint tort-feasors, there must be a showing that the separate acts of each must have a closer relation than that of time and place. Obviously there can be no joint liability of a railroad company, and the driver of an automobile in a grade crossing collision. But that is an entirely different situation from that in the case at bar, where, rightly or wrongly, the plaintiff seeks to hold the railroad solely on the ground of its liability for its servant's acts in operating its train; that is, in doing what he was employed to do.

In the very late case of Huffman v. Baldwin et al. (C.C.A.) 82 F.(2d) 5, 7, the authorities on this question are collected and discussed. The facts were the same as in the instant case, to wit: An action for wrongful death against nonresident operators of a railroad, and its resident employees. Removal to the federal court was granted by the lower court and reversed on appeal. The court said, among other things: "The same care is to be exercised in protecting the jurisdiction of the state court with respect to a case not subject to removal as is exercised in protecting the jurisdiction of the federal court with respect to one that is subject to removal." And further, that on motions to remand, "Whether the case stated in the complaint was a meritorious one was no concern of that court." (Meaning the lower court.) Of course the question

---

[1] Not for publication.

of joint liability of two or more defendants sued jointly for negligence is a matter of state law, and the federal court will follow the decision of the highest court of the state. Chicago, R. I. & P. Ry. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473.

That a.joint liability exists in Colorado is indicated, but not squarely decided, by Friedrichs v. Denver Tramway Corporation et al., 93 Colo. 539, 27 P.(2d) 497, in which the highest court of the state sustained an action by the widow of a deceased, killed by a street car, against the owner of the street car and one Eaton, the operator. The precise holding was that the defendant corporation, a common carrier, could properly be sued either under section 6303 (C.L.Colo.1921), known as the Compensation Statute, granting a right of action for wrongful death, the same as an individual could, as well as under section 6302, known as the Penal Statute, limited to common carriers only. So until the state adopts another rule, we feel constrained to follow this construction.

The motion to remand is granted.