This is- an appeal by the defendant, Pioneer Credit Corporation of Massachusetts, a foreign corporation, from an order of the Special Term held at Albany, New York, denying a motion by appellant for an order removing this action to the District Court of the United States. This action was commenced in the Supreme Court, Schoharie County, New York, by the plaintiff against the defendant, Pioneer Credit Corporation of New York, on or about May 1, 1946, for a cancellation of certain usurious loans between the plaintiff and the defendant and to restrain the transfer of the evidences thereof and also for an account of money judgment of certain moneys paid to the defendant on account thereof. ,The New York corporation moved to bring in the defendant, Pioneer Credit Corporation o£ Massachusetts, under section 193 o£ the Civil Practice Act, *975 as an indispensable party whose interests were not severable. This motion was granted. By notice of motion dated December 17, 1946, and returnable on the 10th of January, 1947, the Massachusetts corporation moved for an order removing the cause of action to the District Court of the United States in and for the Northern District of New York. This motion was made on the ground that its interests are severable and that it is a controversy wholly between citizens of different States pursuant to the Federal statute (U. S. Judicial Code, § 28; U. S. Code, tit. 28, § 71). The defendant corporations are operated by the same persons, the president of the Massachusetts corporation is the secretary-treasurer of the New York corporation. The president of the New York corporation is treasurer of the Massachusetts corporation. The Massachusetts' corporation is now the owner and holder of the evidences by assignment from the New York corporation and its absence from this action would prevent an effective determination of the controversy. Its interests are not severable and it is an indispensable party. Since both defendants are not nonresidents and the Massachusetts corporation does not present a separable controversy, which can be wholly determined between itself and the plaintiff, it becomes an indispensable party. (Alabama Great Southern By. Go. V. Thompson, 200 U. S. 206, 220.) Order of the Special Term is affirmed, with $50 costs. All concur.