**Laura BRADY**

v.

**STATE FARM INSURANCE CO.**

**Civ. A. No. 91–5013.**

United States District Court, E.D. Pennsylvania.

Sept. 3, 1991.

Steven Craig Gillman, Philadelphia, Pa., for plaintiff.

Teresa Ficken Sachs, Duane, Morris & Heckscher, Philadelphia, Pa., for defendant.

MEMORANDUM

KATZ, District Judge.

In response to this Court's simple Order of August 9, 1991, requesting the parties in the above-captioned case to file memoranda as to whether removal is timely and appropriate, this Court has received a deluge of filings presumably constituting in the aggregate a response to our Order. Those filings include (in the order received): (1) Plaintiff's Amended Civil Action Complaint; (2) Defendant's Supplemental Memorandum In Support Of Removal Of Plaintiff's Amended Complaint; (3) Defendant's Motion To Dismiss Plaintiff's Amended Complaint To The Extent Plaintiff Seeks Payment Of Bills Incurred After April 15, 1990 And To Dismiss Count II Of Plaintiff's Amended Complaint; and (4) Plaintiff's Petition To Remand To State Court and/or Response To Defendant's Motion To Dismiss. The Court shall take up all of these Motions in the following Memorandum.

PROCEDURAL BACKGROUND

1. This matter was commenced in the Philadelphia County Court of Common Pleas by Complaint filed May 23, 1991 and served upon Defendant on June 5, 1991.

2. Defendant timely removed the Complaint to this Court.

3. Defendant then filed a Motion To Dismiss Count II of the Amended Complaint (which sought "bad faith" damages under 42 Pa.C.S. § 8371) and also to dismiss Count I of the Complaint to the extent it sought payment of medical bills incurred on or after April 15, 1990 (the effective date of the "Act 6" medical review amendments to the Financial Responsibility Law).

4. This Court denied Defendant's Motion as Moot and remanded the case to the Court of Common Pleas of Philadelphia County for lack of subject matter jurisdiction. Orders of July 2, 1991 and July 3, 1991.

5. Plaintiff then filed an Amended Complaint on July 17, 1991, which added a sentence, as ¶ 12, stating "at all times material hereto, bad faith was committed by Defendant after the effective date of 42 Pa.C.S. Section 8371."

6. Defendant filed a notice of removal as to the Amended Complaint on August 6, 1991.

7. On August 9, 1991, this Court entered an Order that the parties shall file memoranda within ten days as to whether removal is timely and appropriate.

8. On August 12, 1991, Defendant filed a Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Count II of Plaintiff's Amended Complaint for failure to state a cause of action upon which relief may be granted, and to dismiss Count I of Plaintiff's Amended Complaint to the extent Plaintiff seeks payment for bills incurred after April 15, 1990.

9. On August 13, 1991, Plaintiff filed an Amended Complaint in this Court.

10. On August 19, 1991, Plaintiff filed a Petition To Remand To State Court And/Or Response To Defendant's Motion To Dismiss. Plaintiff therein disclosed that Plaintiff's Amended Civil Action Complaint (purportedly filed July 17, 1991 and subsequently removed to this Court) had not been accepted for filing by the Prothonotary of the Court of Common Pleas of Philadelphia County.

## DISCUSSION

The above chronology leads to the following conclusions:

1. The removal of the amended complaint, while it would have been timely had an amended complaint actually have been filed in the Court of Common Pleas of Philadelphia County (it was served upon defendant by letter dated July 17, 1991 and received on July 18, 1991 and the Notice of Removal was filed August 6, 1991), is nonetheless moot because there was no filing in the Court of Common Pleas of Philadelphia County to which the removal related. Indeed, the Court of Common Pleas Docket Entries indicate that the removal was filed as to the Complaint that this court remanded by Order of July 2, 1991—as such, it is clearly untimely.

2. Because the case has not been properly removed to this Court, Defendant's Motion To Dismiss Plaintiff's Amended Complaint is Moot.

3. Plaintiff's Motion To Remand the case to state court is similarly Moot insofar as it concerns the removal of an amended complaint that was never filed.

In sum, insofar as this Court has been able to untangle the various filings in this case, it now appears that the case is in the same posture insofar as the complaint *actually* filed in the Court of Common Pleas as it was as of this Court's Order To Remand of July 2, 1991. As a result, the second removal to this Court is clearly untimely and the case shall be Remanded once again. *Alabama Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216, 26 S.Ct. 161, 164, 50 L.Ed. 441 (1906) (the right of removal is determined by the pleadings extant at the time of removal); *Albright v. R.J. Reynolds Tobacco Co.*, 531 F.2d 132, 135 (3d Cir.1976); *Ronca & Sons, Inc. v. Monarch Water Systems, Inc.*, 1990 WL 140154 (E.D.Pa. Sept. 24, 1990).