CAVE v. GILL.

1. PLEADINGS.—EXHIBIT attached to a complaint cannot be referred to to supply the omission of material allegations or to cure fatal defects, but may be resorted to to make allegations definite and certain.

2. IBID.—THIS COMPLAINT alleges sale and delivery, which implies consideration, which is indefinitely and uncertainly expressed, and hence motion to make definite and certain and not demurrer, is the proper remedy.

Before HUDSON, special Judge, Barnwell, March, 1900. Affirmed.

Action on account by L. M. Cave against W. V. Gill. From Circuit order overruling demurrer, defendant appeals.

*Mr. J. O. Patterson,* for appellant, cites on main question: Code, 163; 18 S. C., 469; 33 S. C., 216; 5 S. C., 5; 35 S. C., 307; 28 S. C., 388; 34 S. C., 62; 7 N. Y., 478; 10 N. Y., 363; 8 How., 85. *Pleadings must be construed strongly against the pleader:* 12 S. C., 1, 576; 25 S. C., 123; 37 S. C., 520.

*Mr. I. L. Tobin,* contra. No argument.

February 15, 1901. The opinion of the Court was delivered by .

MR. JUSTICE GARY. The appeal herein is from an order, overruling a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The following is a copy of the complaint, to wit: "The complaint of the above named complainant respectfully shows that the defendant above named is indebted to the plaintiff for brick sold and delivered by the plaintiff to the defendant in the sum of $605.45, as appears by itemized account verified, hereunto annexed as a part of the complaint, and refuses to pay same; wherefore, plaintiff demands judgment against

the defendant for $605.45." The following is the exhibit annexed to the complaint:

"Seiglingville, S. C., 2-9-1899. Mr. W. V. Gill. Bought of L. M. Cave:

1898.

| | | | | | |
|---|---|---|---|---|---|
| Delivered Nov. | 1. | To | 23,800 | brick | |
| Delivered Nov. | 1. | To | 6,200 | brick | |
| Delivered Nov. | 5. | To | 30,500 | brick | |
| Delivered Nov. | 9. | To | 10,000 | brick | |
| Delivered Nov. | 11. | To | 10,000 | brick | |
| Delivered Nov. | 11. | To | 10,000 | brick | |
| November 17. | By | cash | | | $300.00 |
| Delivered Nov. | 17. | To | 10,000 | brick | |
| Delivered Dec. | 7. | To | 10,000 | brick | |
| Delivered Dec. | 14. | To | 10,000 | brick | |
| Delivered Dec. | 14. | To | 10,000 | brick | |
| Delivered Dec. | 19. | To | 10,000 | brick | |
| Delivered Dec. | 20. | To | 10,000 | brick | |

1899.

| | | | | |
|---|---|---|---|---|
| Delivered Jan. | 16. | To | 10,768 | brick |
| Delivered Jan. | 18. | To | 5,000 | brick |
| Delivered Jan. | 18. | To | 6,000 | brick |

172,468@$5.25 . $905.45

300.00

Balance due $605.45

"South Carolina, Barnwell County. Personally appeared before me, L. M. Cave, and made oath that the above account is true and correct, and same has not been paid. L. M. Cave. Sworn to before me, this 10 February, 1899. J. C. Spann (L. S.), Notary Public."

The appellant assigns error on the part of his Honor, the presiding Judge, in overruling the demurrer: "For the reason that no contract or agreement is alleged and no statement of the value of the brick alleged to have been sold, is made. That the complaint alleges conclusions of law and

17—59

the facts are not stated.   That the complaint implies an action on contract and the annexed exhibit does not supply necessary allegations of facts omitted and not set out in the complaint."

The authorities are not uniform as to whether an instrument of writing annexed to the complaint and alleged to be part thereof can be considered in determining the sufficiency of the allegations of the complaint, when a demurrer is interposed.   6 Enc. of Pl. & Pr., p. 299, and note. In 8 Am. & Enc. of Pl. & Pr., p. 740, the rule is thus stated: "In the absence of a statute, the annexing and filing of papers as exhibits to a pleading does not make them a part thereof, and they cannot be referred to for the purpose of supplying the omission of a material allegation or curing a fatal defect * * *"   In the case of *Burkett* v. *Griffith,* 13 L. R. A. (Cal.), 707, the Court says: "Matters of substance must be alleged in direct terms and not by way of recital or reference, much less by exhibits merely attached to the pleading.   Whatever is an essential element to a cause of action must be presented by a direct averment, and cannot be left to an inference to be drawn from the construction of a document attached to the complaint"—citing *Los Angeles* v. *Signoret,* 50 Cal., 298.   The foregoing is a correct statement, in general terms, of the principle governing such cases.   Resort, however, may be had to an exhibit for the purpose of making the allegations of the complaint definite and certain.   It may be made "in aid of or in elucidation of the allegations of a pleading, but not to supply entirely the omission of allegations necessary to present a good cause of action."   8 Am. Enc. of Pl. & Pr., p. 741, note.   The exhibit will not, therefore, be considered in determining whether the allegations of the complaint were sufficient to constitute a cause of action.

The complaint substantially alleges that the plaintiff *sold* and *delivered* to the defendant a certain quantity of brick, and that the defendant refuses to pay the amount now due.

The prayer of the complaint is for $605.45, the

2    alleged amount of the indebtedness.   The alleged
     sale implies a consideration—*Sires* v. *Sires,* 43 S. C.,
272—and if it was not alleged with definiteness and cer-
tainty, the proper remedy was by a motion to that effect, but
not by demurrer.   The same may be said as to the number
of brick delivered.   The complaint, when considered apart
from the exhibit, is indefinite and uncertain; but, as we have
said, this does not render it subject to a demurrer.   This
defect, however, is cured when the complaint is construed in
connection with the exhibit.

It is the judgment of this Court, that the judgment of the
Circuit Court be affirmed.