## NICHOLS v. MONTGOMERY.

PLEADINGS—COMPLAINT.—EXHIBITS attached to and made part of a complaint, cannot be considered in determining whether the complaint states facts sufficient to constitute a cause of action.
Rehearing refused.

Before TOWNSEND, J., Marion, May 1903.   Affirmed.

Action by Nichols and McGhee against W. J. Montgomery, W. H. Cross and E. C. Edmunds, trading under name of E. C. Edmunds.   From Circuit order overruling demurrers, defendants appeal.

*Messrs. Jas. W. Johnson* and *Walter F. Stackhouse*, for appellants, cite: *As to tests of partnership:* 22 Ency., 2 ed., 19, 20, 21, 22, 23; 18 S. C., 223; 1 Add. on Con., 183; 11 L. R. A., 136; 36 L. R. A., 767; 2 McC., 421; 22 Wall., 116; 116 U. S., 461.   *As to liability of incoming partner:* 1 Coll. L. Port., 6 ed., secs. 156, 515, 522, 525, 529, 539, 861; Pars. on Part., *36, 407, 408, 434; 1 Addison on Con., 176; 101 U. S., 43; 2 Par. on Con., 8 ed., 746.

*Messrs. J. M. Johnson* and *Junius H. Evans,* contra, cite: *As to duration of partnership:* 22 Ency., 15; 80 Am. Dec., 670; 4 Rich., 310.   *What makes partnership:* 52 S. C., 75. *Test of partnership:* 18 S. C., 233.   *As to liability of silent partner:* 2 DeS., 148; 1 McC. Ch., 213; 2 Black. R., 998; 1 Smith Lead. Cas., 600; 2 Bail., 110.

March 29, 1904.   The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order overruling demurrers to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. In order to understand clearly the questions presented by the exceptions, it will be necessary to set forth a copy of the complaint and of "Exhibit A," which are as follows:

*Complaint.*—"I. That at the times hereinafter mentioned, the plaintiffs, A. B. Nichols and W. H. McGhee, were co-partners in trade, conducting a tobacco warehouse at Nichols, S. C., under the firm name of Nichols & McGhee.

"II. That the plaintiffs are informed and believe that at the time hereinafter mentioned, to wit: during the tobacco season of the year A. D. 1899, the defendants, W. J. Montgomery, W. H. Cross and E. C. Edmunds, were copartners in the purchase and sale of tobacco, under the name and style of E. C. Edmunds, as will appear by reference to the contract, a copy of which is hereto annexed, marked 'Exhibit A.'

"III. That from July 27th to October 30th, A. D. 1899, to wit: during the tobacco season of that year, the plaintiffs above named sold and delivered to the defendants, to wit: to the defendant, E. C. Edmunds, for the use and benefit of himself and his codefendants, W. J. Montgomery and W. H. Cross, under the terms of their said contract, the following described goods and chattels, and paid the exchange, and rendered the services, and furnished the items of cash at the time and for the prices hereinafter specified, that is to say, as are stated, specified and itemized in the account thereof hereto annexed and marked 'Exhibit B,' as a part of this complaint, to which all necessary reference is craved, on which account all proper credits are also stated, specified and itemized; that the total debts on said account amount to $10,908.44, and the total credits thereon amount to $10,132.93, leaving a balance unpaid, past due and owing to the plaintiffs thereon of the sum of $775.51 by the defendants.

"IV. That the plaintiffs, before the commencement of

this action, made frequent demands upon the defendants for the payment of said balance of $775.51, and the same was refused.

"*Exhibit* 'A.'—The State of South Carolina, Marion County.

"An agreement entered into this 1st day of October, 1899, between E. C. Edmunds, as the party of the first part, and W. H. Cross and W. J. Montgomery, as parties of the second part, witnesseth: Whereas, said party of the first part is engaged in the business of buying tobacco in orders on the Marion, Nichols and Lumberton markets, and the money to purchase same is being furnished by the Merchants and Farmers Bank of Marion, S. C. Now in consideration that said parties of the second part shall hold harmless said bank from any loss by reason of said purchases by said party of the first part, he agrees that they shall receive one-fourth of the profits arising from said business, expenses of conducting said business, including interest charges, to be deducted before there is any division of profits. The business is to be conducted and the account kept in the name of said party of the first part, a balance sheet to be rendered monthly. This agreement is to cover the business of the present season and continue of force until dissolved by the mutual consent of the parties hereto. In witness whereof, the parties hereto have affixed their seals the day and year above written. (Signed) E. C. Edmunds (seal.) W. H. Cross (seal.) W. J. Montgomery (seal.) Witness W. F. Stackhouse."

It will not be necessary to set out a copy of the other exhibit, as it simply contains a statement of account.

W. J. Montgomery and W. H. Cross demurred jointly and E. C. Edmunds demurred separately, but their grounds are the same, and are as follows:

"I. Because it appears upon the face of the complaint that defendants were not partners, and, therefore, could not be sued as such.

"II. Because it appears from the exhibit, which forms a part of the complaint, that if a partnership did exist, all of

the partnership debts have been paid, and, therefore, the action will not lie.

"III. It appears upon the face of the complaint that there is a misjoiner of parties defendant."

If the complaint is alone considered in determining whether the Circuit Court erred in overruling the demurrers, it is apparent that there was no error. The appellants, however, have not based their grounds of demurrer upon the complaint alone, but also upon the exhibit attached to it. The case of *Cave* v. *Gill,* 59 S. C., 256, 37 S. E., 817, decides that the exhibits cannot be considered in determining whether the complaint states facts sufficient to constitute a cause of action.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

Petition for rehearing refused April 20, 1904.