## DIXON v. ROESSLER.

1. An EXHIBIT to a complaint stating a cause of action may be referred to to give the complaint the required definiteness and certainty, and a plaintiff cannot object to the consideration of this exhibit for that purpose.
2. WILLS.—Whether the will in question charges the bequest of an annuity on a particular lot of land, on account of the inartificial character of the will, is left open to be determined when the facts as to the invironment of the testator and the condition of his estate are before the Court.

Before KLUGH, J., Charleston, July, 1904. Affirmed.

Action by Mary E. Dixon against Car. M. A. Roessler. From judgment on Circuit, defendant appeals.

*Messrs. Burke & Erckmann, Mitchell & Smith* and *N. B. Barnwell,* for appellant, cite: *The construction of the will was before the Court on demurrer:* 2 Duer., 353; 11 N. Y. S., 610; 37 S. C., 417; 28 S. C., 388; 59 S. C., 258; 61 S. C., 388; 51 S. C., 543; 38 Pac., 102; 23 Pac., 382; 24 Pac., 1036; 6 S. D., 434; 25 N. E., 191; 68 S. C., 332. *Rule as to payment of legacies:* 14 Rich. Eq., 204; 6 S. C., 26; 5 S. C., 218; 2 S. C., 383; 51 S. C., 375; 22 S. C., 101.

*Messrs. Young & Young* and *W. J. Fishburne,* contra, cite: *Is the legacy a charge on the real estate?* 22 S. C., 101; 27 S. C., 295; 5 S. C., 217; 6 Wheat., 229; 19 Ency., 2 ed., 1351; 46 S. C., 159; 51 S. C., 366; 19 Ency., 2 ed., 1349, 1350; 1 Ves., Sr., 499; 1 Ver., 411; 2 Ver., 228, 143; 7 H. L., 703; 2 Jar. on Wills, 1409; 19 Ency., 2 ed., 1353, 1352; 37 S. C., 485; 9 Wall., 54; 17 Ency., 23; 48 S. C., 290; 128 F. R., 828; 28 S. C., 331; 18 Ency., 768.

February 27, 1905.   The opinion of the Court was delivered by

Mr. Justice Woods.   The plaintiff seeks in this action to subject a lot of land, formerly the property of Edward Whitty, now owned by the defendant, to the payment of a bequest made to the plaintiff by Edward Whitty, on the ground that his will made the bequest a charge on the lot. The defendant demurred on the ground that the complaint "does not state facts sufficient to constitute a cause of action against the defendant, in this: That it appears on the face of the complaint upon the proper construction of the will of Edward Whitty that the alleged legacy by way of annuity in favor of the plaintiff is not a charge upon the land mentioned in the complaint; also, that there are not facts stated showing any personal obligation of the defendant for the

payment of the said alleged legacy or annuity." The Circuit Judge overruled both grounds of demurrer, but did not consider whether the bequest was charged on the lot, because the will being attached only as an exhibit, he considered it not properly before the Court on demurrer.

It is true, an exhibit cannot be resorted to on behalf of the pleader to supply a material allegation or to cure a fatal defect. But if the complaint states a cause of action, though with indefiniteness and uncertainty, the exhibit may be used by the plaintiff as giving the requisite definiteness and certainty to the pleading. *Cave* v. *Gill,* 59 S. C., 256, 37 S. E., 817; *Matthews* v. *Monts,* 61 S. C., 385, 39 S. E., 575. For a still stronger reason, the plaintiff, on the hearing of a demurrer to his complaint, cannot object to the consideration of the exhibit which he has himself attached in order to make his complaint definite and certain. The Circuit Judge was, therefore, in error in holding that the will was not before him for consideration.

The particular clause of the will on which plaintiff's claim rests is: "In the third place, I will and desire that my daughter Mary receive during her natural life out of my estate ten dollars per month and at her death it is to revert to the benefit of my estate again." The will further provides: "In the fifth place, I desire that my personal property, as already known by my executors, be sold or disposed of to the best advantage such as they may think in their judgments will be for the benefit of my heirs, etc., and that whatever will remain after payment of my debts and legacies be invested for the benefit and behoof of my daughter Margaret, together with whatever will arise from my real estate, which I desire will be preserved for her and the benefit of her children, should she have any, if not, that after her death whatever may remain of my estate, etc., is to revert for the benefit of my brothers and children or next akin in Ireland, as regards the real estate that I desire to preserve unsold, it is situated in St. Phillips street; but

my real estate in Williamsburg I desire to be sold and invested for the benefit of my heirs, etc."

It will be observed, the question is not made by the demurrer whether under the terms of the will and the general rule of law, the bequest to the plaintiff should be paid first from the personal property to the exemption of the real estate, and, therefore, it is not considered.   Indeed, that question may turn out to be of no practical importance if, on the trial, failure of personal assets be proved.   The position taken by the defendant is that the bequest is not a charge upon the land at all.   The testator directed ten dollars a month to be paid to plaintiff "out of my estate."   This carries no implication of limitation of the charge to any part of the estate or any particular kind of property, but standing alone must be held to mean the entire estate, both real and personal.   It is true, in a subsequent clause the testator directs a sale of his personal estate and disposes of the proceeds that may "remain after the payment of my debts and *legacies.*"   Assuming, but by no means deciding, that in the term "legacies" here used, he meant to include the bequest to plaintiff, it still would not follow the remainder of the estate would be exempt from the charge, if the proceeds of the sale of personal property should for any cause turn out to be insufficient, but only that the proceeds of the sale of personal property should be so applied before resorting to real estate.   It was argued with force by respondent's counsel that the will indicates an intention of the testator to charge this bequest on the particular lot of property now in the possession of the defendant and not on the personal estate; but the decision of this question is not necessary to the disposition of the demurrer, and it seems safer in view of the inartificial character of the will to leave it to be determined, if it should become necessary, when all facts as to the environment of the testator and the condition of the estate are before the Court on the trial.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.