### HAENNI v. CRAVEN et al.
### No. 436.

District Court, S. D. Texas, Laredo Division.

Jan. 25, 1932.

Bismark Pope and Philip A. Kazen, both of Laredo, Tex., for plaintiff.

Cunningham, Moursund & Johnson, of San Antonio, Tex., and Hicks, Dickson, Bobbitt & Lange, of Laredo, Tex., for defendants.

KENNERLY, District Judge.

This is a suit by the plaintiff, James E. Haenni, against Dave Craven, a minor, and J. P. Craven, who are alleged to be residents of Webb county, Tex., and citizens of Texas, and against the Constitution Indemnity Company, of Philadelphia, alleged to be doing business under and by virtue of the laws of the state of Pennsylvania, and to have its principal office, domicile, and place of business in that state, and a citizen of Pennsylvania, filed in the district court of Webb county, Tex., May 2, 1931. Plaintiff alleges that he was injured by an automobile owned by the Texas-Mexican Railway Company, of which it is alleged that J. P. Craven is general agent, which automobile it is alleged was being driven by Dave Craven, with the consent of J. P. Craven, general agent. It is charged that such injury was caused by the negligence of the Cravens, and liability for damages therefor is charged against them. Liability of the indemnity company to plaintiff under a contract of insurance issued by indemnity company is alleged. This allegation is later fully set forth herein.

Claiming its controversy, if any, with plaintiff to be separable, on July 6, 1931, the indemnity company filed its petition and bond for removal to this court, and on that date order of removal was entered.

This is a motion by plaintiff to remand the cause to the state court upon the ground, among others, that there exists no separable controversy, etc., citing and relying upon

Lake v. Texas News Company, in this court, 51 F.(2d) 862; opinion by Hutcheson, Circuit Judge, and cases there cited.

1. Lake v. Texas News Company without doubt correctly lays down the rule applicable to that particular class of cases. Respecting the cause of action asserted by plaintiff therein, it is said: "By amendment, plaintiffs joined the Home Indemnity Company, alleging that that company had by an insurance contract with the Texas News Company, its insured, obligated itself to pay to *persons injured* by the negligence of that company all damages which they might sustain, and *that it would satisfy and discharge any judgment rendered against the insured because of such injuries."*

Again it is said: "The pleading in this case discloses an agreement on the part of the removing defendant to *stand liable* on any cause of action for damages arising against its insured, Texas News Company, and, further, *to discharge any judgment which might be rendered against its insured*. It is perfectly competent for an insurance company to make such agreement, and if it does so it puts itself in like case with the insured with whom it has agreed, and gives to any person injured a *direct action against it* and its insured on account of injuries received at the hands of the insured. In such case, the one injured has one controversy against them both; not two controversies, one against each."

On motion for rehearing, it is said:

"While therefore it is perfectly clear that the insurance company in this case was not a primary wrongdoer in the sense of having directed or authorized, or brought about the commission of the tort, and at common law the cause of action against it and its insured would not have been a joint one, it seems plain to me that there is only one primary controversy in this case, whether or not plaintiff has been injured by the culpable act of the insured, the determination of which fixes the liability at once against both defendants, the one because he did the act, the other because it agreed in advance that it would be absolutely, and at all events, *liable to a third person*, if such an act causing damage, occurred. * * *

"Conceding that that case was correctly decided, it presents a wholly different situation from this one. There the liability had been cast on one of the defendants before the other had assumed it by contract; here the insurance company agreed in advance of any injury, that it would be *primarily liable to any person culpably injured."*

In other words, it is held, citing Texas Landscape Co. v. Longoria (Tex. Civ. App.) 30 S.W.(2d) 423; American Auto. Ins. Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534; Monzingo v. Jones (Tex. Civ. App.) 34 S. W.(2d) 662, that plaintiff properly joined both the insured and the insurance company in the state court, and that, therefore, the case was not removable to this court.

There is, however, a class of cases in which the insured and the insurance company are not properly joined in the same suit in the state court. Among these are Owens v. Jackson-Hinton Gin Company (Tex. Civ. App.) 217 S.W. 763; American Auto. Ins. Co. v. Cone (Tex. Civ. App.) 257 S. W. 963. This class of cases is properly removable to the federal court. Which are, and which are not removable, is determined by the plaintiff's bona fide allegations as to the nature of the contract of insurance, etc. Alabama Southern Ry. Co. v. Thompson, 200 U. S. 219, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147. If, under the contract, as alleged, plaintiff has a direct present action against the insurance company, it may be joined in a suit with the insured, and the case is not removable. If, on the other hand, the contract, as alleged, is merely one of the indemnity of the insured, and no present action against the insurance company exists in plaintiff, the insured and insurance company may not be joined in one suit, and the case is removable.

The question is determined alone by the allegation in plaintiff's pleadings, made in good faith (Railway Company v. Thompson, supra), and not fraudulently made (section 80, title 28, USCA; Wecker v. National Enameling Co., 204 U. S. 183, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757), for the purpose of preventing removal to the federal court. It is often difficult to determine from the pleadings to which class the case belongs. In this case, the allegation in plaintiff's pleadings is: "That at said time, on said date, the said Texas-Mexican Railway Company carried a policy of insurance on said automobile, by which insurance policy the insurer in said policy agreed, bound and obligated itself to pay off and discharge any liability of the said Texas-Mexican Railway Company to any other person by reason of personal injuries suffered by any other person while said automobile was being driven by said assured, and bound and obligated itself to pay off and discharge any liability

imposed upon any person operating said automobile with the consent or permission of the said Texas-Mexican Railway Company resulting from personal injuries sustained by any other person. That said insurance policy bound said insurer therein to pay and discharge any liability to the extent and amount of $10,000.00 damages suffered by any one person. That said policy of insurance required the insurer to pay off to the party injured any liability legally fixed as due him, regardless of the insolvency or bankruptcy of the named assured and thereby was a policy *issued for the benefit of any person injured by said automobile so insured while being driven either by the named assured or by any other person with the consent or permission of the named assured.* That the defendant, the Constitution Indemnity Company of Philadelphia, a Corporation as aforesaid, was the insurer in said policy and by said policy bound and obligated itself to pay off and discharge any liability so fixed as hereinbefore set out."

It is clear, therefore, that Lake v. Texas News Company is controlling, and that the case should be remanded to the state court.

2. But indemnity company, in its petition for removal, charges that this allegation is false and untrue, and made for the purpose of improperly and fraudulently preventing removal to this court. In plaintiff's motion to remand, this is denied, and issue is joined on indemnity company's charge. Wecker v. National Enameling Co., supra; Wilson v. Republic Iron Co., 257 U. S. 93, 42 S. Ct. 35, 66 L. Ed. 144. The parties do not brief the point, but upon examination of the allegation of the parties and of the copy of the contract of insurance attached to the motion to remand, I find that such allegation of plaintiff was not fraudulently made to prevent removal to this court, but made in good faith. Wilson v. Republic Iron Co., supra; Ry. Co. v. Cockrell, 232 U. S. 147, 34 S. Ct. 278, 58 L. Ed. 544; Lynes v. Standard Oil Co. (D. C.) 300 F. 813.

The motion to remand will be granted.