### COTHRAN v. HACKEL et al.

District Court, E. D. Texas, Paris Division.

Feb. 1, 1932.

Edgar Wright, of Paris, Tex., for plaintiff.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, Tex., and Hutchison & Fisher, of Paris, Tex., for defendants.

KENNERLY, District Judge.

Gus Cothran sued in the district court of Lamar county, Tex., G. R. Hackel, alleged to be a resident of Lamar county, Tex., and the Ohio Casualty Insurance Company, alleged to be a "foreign stock insurance company," with its principal office and place of business in Hamilton, in the state of Ohio, and doing business in Lamar county, Tex., by virtue of a permit issued by the insurance commissioner of the state of Texas. He further alleged that he was during January, 1931, a motorcycle policeman in the city of Paris, Lamar county, Tex., and that defendant Hackel was engaged in the retail grocery business in such city, selling and delivering groceries to his customers by truck, and using for such deliveries a 1930 model A Ford delivery truck, No. 3800218. It is, with respect to the insurance company, among other things, said: "That during the time above named the company was operating an insurance business in Lamar County, Texas, and insuring owners of automobiles, among other.

things, against damages by reason of liability imposed upon them by law for bodily injuries or death accidentally suffered by any person or persons as the result of an accident occurring by reason of the operation of their automobiles. That said Company on the 22nd day of October, 1930, in consideration of the payment to it by Defendant of the sum of $24.60, as a premium, issued its certain written policy of insurance of that date to Defendant insuring him from October 22, 1930, noon, to October 22, 1931, noon, in the sum of Five Thousand Dollars, against direct loss or expense and liability for bodily injuries or death accidentally suffered by any person or persons resulting from an accident occurring by reason of ownership or use of his 1930 Model A Ford Delivery Truck, Motor No. A-3800218, while being used in his business in Paris, Texas."

It is alleged that on or about January 10, 1931, while plaintiff was on duty as such motorcycle policeman, the motorcycle upon which he was riding and such delivery truck of defendant Hackel collided; that such collision was caused by the negligence of defendant Hackel; that as a result of such collision, plaintiff and his motorcycle were injured, suffering damages for which plaintiff asks judgment against both Hackel and the insurance company.

Thereafter, the insurance company filed its petition and bond for removal, alleging plaintiff and insurance company to be citizens of different states, and alleging a separable controversy between them, and the suit was removed to this court. Relying upon Lake v. Texas News Company, 51 F.(2d) 862, opinion by Hutcheson, Circuit Judge, sitting in the District Court, and cases there cited, plaintiff moves to remand to the state court.

While Lake v. Texas News Company without doubt correctly lays down the rule applicable to the class of cases there discussed (i. e., cases in which the insured and insurance company are properly joined in the same suit in the state court), it is said in Haenni v. Craven (D. C.) 56 F.(2d) 261: "There is, however, a class of cases in which the insured and the insurance company are not properly joined in the same suit in the state court. Among these are Owens v. Jackson-Hinton Gin Company (Tex. Civ. App.) 217 S. W. 763; American Auto. Ins. Co. v. Cone (Tex. Civ. App.) 257 S. W. 963. This class of cases is properly removable to the federal court. Which are, and which are not removable, is determined by the plaintiff's bona fide allegations as to the nature of the contract of insurance, etc. Alabama Southern Ry. Co. v. Thompson, 200 U. S. 219, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147. If, under the contract, as alleged, plaintiff has a direct present action against the insurance company, it may be joined in a suit with the insured, and the case is not removable. If, on the other hand, the contract, as alleged, is merely one of the indemnity of the insured, and no present action against the insurance company exists in plaintiff, the insured and insurance company may not be joined in one suit, and the case is removable."

The line of demarkation between the two classes of cases is clearly drawn in the Cone Case (Tex. Civ. App.) 257 S. W. 961, 963, but in some of the cases, it is apparently ignored. In determining to which class a case belongs, the federal courts do not, as a rule, have before them the contract of insurance, but only, as in this case, the allegations of plaintiff with respect thereto. In this case, the plaintiff, in his allegations, zigzags back and forth across the line of demarkation. For instance, in the Cone Case, it is said: "The policy is a contract of indemnity against loss and expense, as distinguished from a policy indemnifying against liability for loss or expense."

It does not clearly appear from plaintiff's allegations what is the exact character of the contract of insurance in this respect. There are other similar allegations. There is, however, one important distinction between this case and the Cone Case. In the Cone Case, the contract of insurance contained this language: "No action shall lie against the company for any loss or expense under this policy, except for such loss or expense as assured shall have actually sustained and paid in money after actual trial of the issue. * * * *"

There is to be found in plaintiff's petition no such allegation respecting the contract of insurance in this case, and I incline to the view that this, taken in connection with other allegations by plaintiff, would place this case in the class with Lake v. Texas News Company, and cases there cited. I think, however, that the matter may best be determined from the following allegation in plaintiff's petition: "That by reason of the foregoing facts and the provisions and agreements contained in the written policy as set out, said Company agreed to defend on behalf of Defendant any suit on any claim for injuries and to indemnify the Defendant to the extent of $5,000 against direct loss or expense by reason of liability imposed upon Defend-

ant by law, and promised to pay all damages recovered against Defendant by reason of personal injuries to any one person, accidentally suffered, arising out of the actual operation of said 1930 Model A Ford Delivery Truck, and to pay any judgment that might be rendered in any suit against Defendant; and that by reason of the facts hereinafter set out, the Defendant became, was and is, under the law, liable to Plaintiff for damages for personal injuries accidentally suffered by Plaintiff and inflicted upon ·the person of Plaintiff proximately caused by the negligence of the driver of Defendant, while engaged in the performance of the duties of his employment, that is, while driving the truck and returning to Defendant's place of business after having made a delivery of groceries to a customer of Defendant, all of which is more fully shown by the facts hereinafter set out."

In the petition for removal in this case, there is no claim that the allegations in plaintiff's petition were fraudulently made for the purpose of preventing removal to this court. Ry. Co. v. Cockrell, 232 U. S. 150, 34 S. Ct. 278, 58 L. Ed. 544; Wilson v. Republic Iron Co., 257 U. S. 93, 42 S. Ct. 35, 66 L. Ed. 144. Nor is there any other claim set forth in the petition for removal that would serve to make this question one to be determined other than from the allegation contained in plaintiff's petition. The conclusion is that plaintiff's petition shows this to be a case where the insured and the insurance company were properly joined in the state court, and that the case is not removable to this court, and that the motion to remand should be granted.