LAWSON et al. v. GLOVER et al.

No. 279.

District Court, S. D. Texas, Corpus Christi Division.

Nov. 15, 1932.

Perkins & Floyd, of Alice, Tex., for plaintiffs.

Lloyd & Lloyd, of Alice, Tex., for defendant Metropolitan Casualty Ins. Co. of New York.

KENNERLY, District Judge.

August 12, 1932, plaintiffs sued R. E. Glover in the district court of Jim Wells county, Tex. August 18, 1932, they filed amended pleadings, making the Firemen's Insurance Company of New Jersey and the Metropolitan Casualty Insurance Company of New York defendants. The Metropolitan Casualty Insurance Company (hereinafter referred to as Metropolitan) has removed the case to this court, and plaintiffs now move to remand to the state court. This is a hearing, under the District Court rules, of such motion to remand.

1. The authorities are all one way that the question of removal is to be determined alone by the allegations in plaintiffs' pleadings made in good faith (Alabama Great Southern R. Co. v. Thompson, 200 U. S. 219, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147), and not fraudulently made for the purpose of preventing removal to the federal court (section 80, title 28, USCA;

Wecker v. National Enameling & Stamping Company, 204 U. S. 183, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757) ; in other words, what plaintiffs allege in good faith respecting the provisions of the contract of insurance is controlling.

■ As was said by this court (Hutcheson, Circuit Judge, sitting as District Judge) in Lake v. Texas News Company, 51 F.(2d) 862, 863: "I have long believed that it was meant to hold broadly, and that it was held in the Thompson [200 U. S. 212, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147] and Bohon [200 U. S. 221, 26 S. Ct. 166, 50 L. Ed. 448, 4 Ann. Cas. 1152] Cases and those which followed, that where the matters in controversy in a suit are by the practice in the state where the suit is filed regarded as suable in one action, because relating to the same transaction or subject-matter, and therefore presenting one primary controversy between the parties to it, such suit does not present a separable controversy as to any of them, though at common law the causes of action would have been severable and not joint. 1 C. J. pp. 1073, 1074, p. 1082, § 239, et seq.; First Baptist Church v. So. Mortgage Co. (D. C.) 39 F.(2d) 246; Pabst v. Roxana Petroleum Co. (D. C.) 30 F.(2d) 953." See, also, Haenni v. Craven (D. C.) 56 F.(2d) 261; Cothran v. Hackel (D. C.) 56 F.(2d) 263.

■ The question is therefore, Does plaintiffs' petition show that plaintiffs have, under the laws of Texas, and is plaintiff asserting in this case, a present cause of action, joint in its nature, against Glover, Firemen's Insurance Company, and Metropolitan, which plaintiffs would be entitled to prosecute in a state court? I think this must be answered in the affirmative.[1] See Lake v.

Texas News Company, supra, and cases there cited; Haenni v. Craven, supra, and cases there cited; Cothran v. Hackel, supra, and cases there cited. See, also, Kuntz v. Spence (Tex. Civ. App.) 48 S.W.(2d) 413, 415; Thurman v. Chandler (Tex. Civ. App.) 52 S.W.(2d) 315, 323.

The Kuntz Case and the Thurman Case go a bit further than former cases, and apparently Judge Lane, in the Thurman Case, correctly states the trend of the decisions of the Texas Courts of Civil Appeals: "It is clear, we think, that the courts of this state have rejected the contention that an insurance company may not be joined in a suit of the kind of the present one, because, under the terms of the policy, it can be held liable only in the event judgment is rendered against the assured."

Counsel suggest that the rule may be held otherwise by the Supreme Court of Texas. That is a matter for future consideration.

2. But Metropolitan, in its petition for removal, charges that plaintiffs have made false allegations in their petition, and that same were made for the purpose of improperly and fraudulently preventing removal to this court. In plaintiffs' motion to remand, this is denied, and issue is joined on Metropolitan's charge. Wecker v. National Enameling & Stamping Company, supra; Wilson v. Republic Iron & Steel Company, 257 U. S. 93, 42 S. Ct. 35, 66 L. Ed. 144. It therefore becomes the duty of the court to determine this issue. The insurance contract in question is before the court, and I have examined it. When viewed in the light of the decisions of the Texas Courts of Civil Appeals, I am convinced that such allegations were not fraudulently, etc., made. Even where there is doubt this court should remand the case. Pabst v. Roxana Petroleum Company (D. C.) 30 F.(2d) 953.

Motion to remand granted.

[1] Paragraph X of plaintiffs' first amended original petition reads as follows: "That at the time and date of said accident above referred to the Defendant, R. E. Glover, carried a policy of insurance on said automobile driven by the said A. B. Marbury, said policy of insurance being a joint contract between the Defendant, R. E. Glover, and the Firemen's Insurance Company, of Newark, New Jersey, and The Metropolitan Casualty Insurance Company, of New York, and in which policy The Metropolitan Casualty Insurance Company, of New York, agreed, bound and obligated itself to pay off and discharge any liability of the said R. E. Glover to any other person or persons by reason of bodily injuries or death suffered or alleged to have been suffered by any person or persons due to the ownership, maintenance or use of said automobile, or any liability imposed upon any person operating said automobile with the consent or permission of the said R. E. Glover or with the permission of an adult member of the household of the said R. E. Glover other than a chauffeur or a domestic servant. That said insurance policy bound the said The Metropolitan Casualty Insurance Company, of New York, to pay off and discharge any liability

as above stated to the extent and amount of Fifteen Thousand and No/100 ($15,000.00) Dollars to any one person. That said policy of insurance required the insurer therein to pay to the person or persons injured or damaged, any liability legally fixed as due him, or them, regardless of the insolvency or bankruptcy of the named assured, R. E. Glover, and thereby was a policy issued for the benefit of any person, or persons, injured or damaged by said automobile so insured, while being driven by the named assured or by any other person with the consent or permission of the said R. E. Glover, or the permission of any adult member of his household, other than a chauffeur or domestic servant. That the Defendant, The Metropolitan Casualty Insurance Company, of New York, as aforesaid, as the insurer in said policy, bound and obligated itself to pay off and discharge any liability for bodily injuries or death, so fixed, as hereinabove set out."