14356

MILES v. THROWER *ET AL.*

(187 S. E., 818)

Before GRIMBALL, J., Dorchester, November, 1935.

*Messrs. A. J. Hydrick* and *Hicks & Johnston,* for appellants,

*Messrs. Howard A. Jenkins* and *J. D. Parler,* for respondent,

October 7, 1936.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The following statement appears in the record:

"On August 8, ·1935, respondent began an action against appellants and the other defendants named to recover property damage sustained by respondent in an automobile accident. The pertinent points of the complaint were as follows:

"Paragraphs One, Two, and Three allege the citizenship of the parties.

"Paragraph Four alleges that J. B. Thrower was engaged in business as a Class 'F' Carrier, transporting freight from and to various points within the State, including Dorchester County.

"Paragraph Five alleges that the Central Mutual Insurance Company of Chicago was authorized to carry on an

insurance business and was engaged in insuring trucks such as those of J. B. Thrower, in the State of South Carolina.

"Paragraph Six is as follows:

" 'Sixth: That this plaintiff is informed and believes that pursuant to, and in compliance with the laws of the State of South Carolina, the said defendant, J. B. Thrower, had, at the times hereinafter mentioned, and he still has a public liability and property damage insurance policy with the said defendant Central Mutual Insurance Company of Chicago, Illinois; that said policy is within the limits of Five Thousand Dollars ($5,000.00) for injuries to any one (1) person and of Ten Thousand Dollars ($10,000.00) for injuries to more than one person in the same accident, and limited to property damage in the sum of Five Thousand Dollars ($5,000.00) ; that the said policy was duly filed pursuant to law; and that the said policy covered the said defendant truck, with trailer attached, the property of the said defendant J. B. Thrower, as hereinbefore alleged, which said defendant truck, with trailer attached, was operated on his truck line at the times hereinafter mentioned.'

"Paragraphs Seven and Eight alleged that while respondent's automobile was being properly operated on the highways of the State and within Dorchester County, through the negligence of the defendant Thrower in the manner in which his truck and equipment were operated, and the negligence of the defendant Watson in the manner in which he operated his automobile, the automobile of respondent was destroyed.

"The Eighth paragraph sets forth in detail the manner in which it is claimed the defendants were negligent.

"The Ninth paragraph alleges that damages were sustained in the amount of One Thousand ($1,000.00) Dollars, which arose 'by reason and as a result, of the joint and concurrent negligence and carelessness of the said defendants, J. B. Thrower and J. A. Watson, their agents and servants and employees.'

"Within due time, and before answering, a motion was filed by the appellants J. B. Thrower and Central Mutual Insurance Company of Chicago, in which these appellants asked the Court 'to require the plaintiff to separate the two causes of action set forth in the complaint; and to properly number the same, as required by law, the two causes of action which are set forth in the complaint being as follows:

" '(a) A cause of action in tort against the defendant J. B. Thrower and the truck and trailer named as defendants; and,

" '(b) A separate and distinct cause of action in contract against the defendant Central Mutual Insurance Company of Chicago.'

"The motion contained other matters not involved in this appeal.

"The motion came on to be heard before his Honor, Judge W. H. Grimball, who, on Nov. 14, 1935, handed down an order which reads, so far as germane to this appeal, as follows:

" 'I have given the matter careful consideration and have come to the conclusion: That the causes of action are properly stated in the complaint; * * * It is, therefore, ordered, adjudged and decreed: (1) That Section (1) of said motion be and it hereby is, refused.' (Section 1 being that portion of the motion which refers to the separation of the causes of action)."

The appellants appeal upon these grounds: That his Honor was in error in refusing the motion to require the plaintiff to state separately his two causes of action, and to properly number the same; whereas his Honor should have held that two causes of action were stated in the complaint, and that, as provided by the Code of Laws of South Carolina, the plaintiff (now respondent) is required to state and number the causes of action separately.

While only one issue is raised by the appeal, and that is whether or not there was error in not requiring the re-

spondent to separately state and number his causes of action, it first becomes necessary to determine if two causes of action are alleged in the complaint.

The case of *Piper v. American Fidelity & Casualty Company*, 157 S. C., 106, 154 S. E., 106, 109, sheds strong light upon the question, and logically foreshadows the decision to be made on this appeal. In that case the issue presented to the Court was whether an action for injury against the motor transportation company and an action against the insurer may properly be joined in one complaint. In discussing this question the Court said:

"Considering then the issue of a joinder:

"The plaintiff states in his complaint a cause of action against the bus company for damages on account of its alleged negligent and willful act in colliding with and damaging his automobile, for which he asks actual and punitive damages in the sum of $25,000.00—clearly a cause of action *ex delicto*, arising out of the immediate circumstances of the collision. He also states in his complaint, *though not separately, as the Code requires* [italics ours], a cause of action against the insurance company, upon its contract of insurance, in which he has a beneficial interest, and asks judgment against it for the same amount, $25,000.00, although the policy is limited to $5,000.00 and to injury caused by the negligence of the insured—clearly a cause of action *ex contractu.*"

And the Court continued: "The plaintiff, under the Jumbling Act (Code Civ. Proc. [1922], § 427), on the tort side of his case against the bus company has alleged two distinct causes of action, one for actual damages based upon the negligence of the bus company and one for actual and punitive damages based upon the willful, wanton, and malicious act of the bus company, for an aggregate amount of $25,000.00 damages; on the contract side of his case he has alleged a single cause of action based upon the policy of insurance to the extent of the amount of the policy, $5,000-

.00, and could recover from it only such actual damages as may have resulted from the negligence of the bus company."

The conclusion was reached in that case that a person injured by the negligence of a motor vehicle carrier may not join the insurer as a defendant in the same complaint with the carrier, where the elements and the amount of damages claimed are different.

In the *Piper case* the decision depended wholly upon the question of misjoinder of causes of action.

The question as to whether or not the complaint in that case contained two causes of action, *not separately stated,* was not raised by the exceptions, and, perhaps, a discussion of it was not necessary to the decision; nevertheless, the question was discussed very fully in passing. And, while what was stated therein by the eminent writer of the opinion with reference to the designation and separation of the causes of action might be considered *dictum,* the Court is of the opinion, now that the issue is squarely presented, that the conclusion reached and stated by Justice Cothran is sound.

In the case of *Benn v. Camel City Coach Company,* 162 S. C., 44, 160 S. E., 135, the case of *Piper v. American Fidelity & Casualty Company, supra,* was reviewed, but not for the purpose of passing upon the specific question which now confronts us; although in that case, too, the Court inferentially forecloses this appeal.

In the complaint in this case, we think it clear that two causes of action are alleged; one in tort against Thrower, and the other against the insurance company upon its contract of insurance to answer for the negligence of Thrower, a contract carrier.

Two causes of action being thus alleged in the complaint, Section 487, Code 1932, applies. It provides, among other things: "The plaintiff may unite, in the same complaint, several causes of action." It then enumerates such causes of action as may be united; and then in the paragraph immediately following Subdivision 7, it provides:  " * * *

But the causes of action, so united, * * * must be separately stated."

Rule 18 of the Circuit Court also provides: " * * * In all cases of more than one distinct cause of action, defense, counterclaim or reply, each shall be separately stated and numbered. * * * "

It is our opinion that the motion made by the appellants to require the causes of action to be separately stated should have been granted.

The judgment of the lower Court is therefore reversed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate.