HILTON v. SOUTHERN RY. CO. et al.

District Court, W. D. South Carolina, Greenwood Division.

Oct. 27, 1937.

Park, Tinsley & McGowan, of Greenwood, S. C., for plaintiff.

Blythe & Bonham, of Greenville, S. C., for defendant, Southern Ry. Co.

Grier, McDonald & Todd, of Greenwood, S. C., for defendants C. Y. Thomason Const. Co. and National Surety Corporation.

WYCHE, District Judge.

Plaintiff brought this action against the defendants in the court of common pleas for Greenwood county, S. C., for damages for the alleged wrongful death of her intestate husband. The Southern Railway Company and the National Surety Corporation, by separate petitions, removed the suit to this court on the ground of separable controversy, and the matter is now before me on plaintiff's motion to remand.

Plaintiff's intestate, a conductor for the Southern Railway Company, was killed while he was riding on the rear of an engine of the railway company when it collided with an automobile at a railroad crossing where C. Y. Thomason Construction Company was engaged in the construction of a state highway project. His death is alleged, in the complaint, to have been caused by the joint and concurrent acts of negligence and willfullness of the Southern Railway Company, J. T. Williamson, its engineer, and C. Y. Thomason Construction Company, in the particulars named therein. The liability of the National Surety Corporation is predicated upon the allegation that "the National Surety Corporation, * * * filed with the South Carolina Highway Department for and in behalf of the Defendant, C. Y.

Thomason Construction Company, a liability and indemnity Bond in the amount of Thirty-three Thousand Nine Hundred Ninety-one and 10/100ths ($33,991.10) Dollars, which said Bond, among other things, was conditioned for the payment and discharge of any and all liabilities for injuries which have been incurred in and about the said construction * * * which said liability and indemnity Bond was of full force and effect at the time that the plaintiff's intestate was killed, a copy of which said Bond is hereto annexed, marked Exhibit 'A,' and constitutes a part of this Complaint."

It will be observed that the first three named defendants are sued solely in tort. The National Surety Corporation is sued only in contract. The complaint does not allege facts showing a joint liability of the National Surety Corporation with any of the other defendants. The action against the Surety Corporation is an action on the bond executed by the Surety Corporation "for and in behalf of the defendant C. Y. Thomason Construction Company." If the plaintiff had brought her suit against the National Surety Corporation and C. Y. Thomason Construction Company jointly on the bond which appears from the exhibit attached to the complaint to have been a joint and several obligation, and to have been executed by both the construction company and the Surety Corporation, there would have been a joint cause of action stated against them, and the suit would probably not have been removable, but, instead of doing this, she alleges a joint cause of action against three of the defendants for a tort, and a several cause of action against the Surety Corporation upon the bond. Plaintiff has elected to sue the surety corporation on its several liability instead of the construction company and the surety corporation upon their joint liability. It is true that the plaintiff attaches a copy of the bond to the complaint, which, on its face, purports to have been executed by the construction company, but there is no allegation in the complaint to hold the construction company on its liability on the bond. An exhibit attached to a complaint cannot be considered in determining whether the complaint states facts sufficient to state a cause of action or be referred to to supply the omission of material allegations or to cure fatal defects, but may only be resorted to to make allegations definite and certain. Cave v. Gill, 59 S.C. 256, 37 S.E. 817; National Loan & Exchange Bank v. Argo Development Co. (1927) 141 S.C. 72, 139 S.E. 183; Dixon v. Roessler (1905) 70 S.C. 497, 50 S.E. 184; Nichols v. Montgomery (1904) 68 S.C. 332, 47 S.E. 373; Ordinary of Charleston v. Mortimer (1851) 4 Rich. (S. C.) 271.

In order that there may be a removal under the statute, the controversy within the suit must be a separate and distinct cause of action within itself, on which a separate suit might have been maintained between the parties to this controversy, quite apart from the other parties to the suit, who are not parties to the controversy. It is also necessary that this separable controversy be in itself a principal or integral controversy, and not a mere incidental controversy, that is only collateral to the main suit. Dobie on Federal Practice, p. 375. The use of the word "controversy" in the statute has been said to indicate that something less than, and included within, the term "suit" was intended. Hughes, Federal Practice (1931) vol. 4, § 2364. The liability of the surety corporation in this suit is predicated upon a contract to which no one of the other parties defendant is alleged to be a party, and by which no one of them is alleged to be bound. In a suit to recover upon that contract, no other defendant is either a necessary or indispensable party. The controversy between the plaintiff and the surety corporation is in itself a principal and integral controversy and not a mere incidental controversy that is only collateral to the main suit. It is just as much a principal controversy as the one between the plaintiff and the other three defendants sued in tort. It is a separate and distinct cause of action in itself on which a separate suit might have been maintained by the parties to this controversy quite apart from the other parties to the suit who are not alleged to be parties to this controversy. It has been held that, where the liability of the petitioner arises ex contractu and the liability of its codefendant ex delicto, even though the liability concerns the same subject of action, there is such a separability of controversy as to warrant a removal of the cause. Sklarsky v. Great Atlantic & Pacific Tea Co. (D.C.N.Y.1931) 47 F.(2d) 662. This rule was stated in the case of Branchville Motor Company v. American Surety Company, et al. (D.C.S.C.) 27 F.(2d) 631, 632, in the following words: "The distinction between contracts and torts is a fundamental, vital distinction in our jurisprudence, and also in that of England, from which it is derived. It is probably so fundamental in its nature as to be a necessary dis-

tinction in any logical system of jurisprudence. Unless all distinctions between contracts and torts are utterly obliterated, an action against one party on a contract and against another on a tort can never be deemed a joint action, nor can their liability be deemed joint. See Hamilton v. Empire Gas & Fuel Co. (C.C.A.8th) 297 F. 422, where it was held that, when a complaint stated an action on contract against the nonresident defendant alone, and an action in tort jointly against the nonresident and several other resident defendants, it would not prevent a removal of the cause to the Federal court."

The unreported opinion of Judge H. H. Watkins of this district in the case of Moseley v. Union Central Life Insurance Company et al.[1] is well in point. In holding that the complaint in that action contained a separable controversy with the nonresident defendant, this court said: "If it be conceded that there are two causes of action stated in the complaint, which is the most plaintiff could contend, but which she does not contend, this court is still of the opinion that there is a separable controversy alleged in the complaint. The first cause of action is certainly a full and complete action solely against the defendant corporation upon a contract of insurance. The second cause of action, if any, against the defendants is for tort. Furthermore, if the complaint states a cause of action against the defendant corporation on a contract and a joint cause of action against defendants in tort, certainly the first is a separable controversy and is removable by the defendant company from the state to the federal court and the joinder of unnecessary parties cannot defeat the removal."

█ Plaintiff contends, however, that since an action in tort against a tort-feasor may be, under the South Carolina practice, joined with an action in contract against an indemnitor, against liability, under authority of Piper v. American Fidelity & Casualty Co., 157 S.C. 106, 154 S.E. 106; Benn v. Camel City Coach Co., 162 S.C. 44, 160 S.E. 135; and Thompson v. Bass, 167 S.C. 345, 166 S.E. 346, the controversy is not separable and relies upon that line of cases illustrated by Lake v. Texas News Company (D.C.Texas) 51 F.(2d) 862, and Cothran v. Hackel (D.C.Texas) 56 F.(2d) 263, which hold, in effect, that since under the local law joinder of such causes of action is permissible, no separable controversy

exists. This, it seems to me, is opposed to the better rule and to the weight of authority. The mere fact that statutory authority may be given to join separate causes of action does not change the essential nature of such causes of action or prevent them from presenting separable controversies warranting removal. The state statute (Code S.C.1932, § 487) permits the joinder of defendants in one action but it does not create a joint liability. I believe the logical rule is that illustrated by Stewart v. Nebraska Tire & Rubber Co. (C.C.A.8th) 39 F.(2d) 309, certiorari denied, 282 U.S. 840, 51 S.Ct. 21, 75 L.Ed. 746; Des Moines Elevator & Grain Co. v. Underwriters' Grain Association (C.C.A.8th) 63 F.(2d) 103, and Manufacturers' Commercial Company v. Brown Alaska Company (C.C.N.Y.) 148 F. 308, 310; wherein the rule is thus stated: "The cause of action does not become joint, or joint and several, from the mere fact that the plaintiff elects to avail itself of the statutory permission and unite parties in the same action. The plaintiff cannot by such procedure make joint, or joint and several, what is necessarily several in its essential nature; nor can the plaintiff, by availing itself of the statutory provision, estop any defendant, liable solely upon its independent contract, from removing the action as regards such defendant to the federal court, if the other conditions precedent to such removal be present."

The fact that, under the state statute, the plaintiff has the right to combine the causes of action in a single suit cannot affect the right granted to the defendant surety corporation by the laws of the United States to remove the controversy to the federal court (Jud.Code § 28, 28 U.S.C.A. § 71). Des Moines Elevator & Grain Co. v. Underwriters' Grain Association, supra. To hold otherwise would be tantamount to deciding that a state Legislature has the power to nullify the federal removal statute.

Diversity of citizenship and jurisdictional amount being admitted, my conclusion is that there is a separable controversy presented between the plaintiff and the surety corporation within the meaning of the removal statute (Jud.Code § 28, 28 U.S.C.A. § 71), and the motion to remand is refused, and an appropriate order will be entered accordingly.

█ It is well established that, if the complaint contains a separable controversy, the entire suit is removable to the federal court.

---

[1] No opinion for publication.

Hyde v. Ruble, 104 U.S. 407, 409, 26 L.Ed. 823; Ayres v. Wiswall, 112 U.S. 187, 5 S.Ct. 90, 28 L.Ed. 693; Geer v. Mathieson Alkali Works, 190 U.S. 428, 23 S.Ct. 807, 47 L.Ed. 1122; Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514; Hamilton v. Empire Gas & Fuel Co. (C.C.A.) 297 F. 422; Slate v. Hutcherson (C.C.A.4th) 15 F.(2d) 551.

It is therefore not necessary for me to pass upon the motion to remand as to the Southern Railway Company.