**BEHLING v. RIVERS et al.**
**Civil Action No. 1497.**

District Court, E. D. South Carolina,
Charleston Division.

Nov. 1, 1946.

---

J. D. Parler and Behling & Behling, all of St. George, for plaintiff.

Waring & Brockinton, of Charleston, S. C., for defendant.

WARING, District Judge.

The complaint in this case alleges personal injuries as a result of an automobile collision between a car in which the plaintiff was riding and one owned by the defendant Rivers. The other defendant, Hartford Accident and Indemnity Company, is joined because it furnished liability insurance as required by the statutes of the State of South Carolina, the individual defendant being a carrier for hire. Under the statutes in this State, there are various classifications for carriers for hire and certificates are issued by the State government for various classes based upon the amount and type of business, and as a prerequisite to the issuance of such certificates, it is required that liability insurance be furnished. In this case the carrier furnished liability insurance signed by the corporate defendant in the amount of $5,000 for personal injuries to one person, a limit of $10,000 for two or more injured persons, and $1,000 property damage. This suit is for $5,000 personal injuries and it is alleged that the same were caused by the negligence of the indivi-

dual defendant in various particulars in the equipment and operation of his automobile, and the corporate defendant is joined as being responsible to the injured party by reason of the contract of liability as required by State statute.

We should first turn to the State statutes and decisions of our State courts to determine just what is the nature of the insurance thus furnished and the rights, duties and responsibilities of the various parties in interest. See Cincinnati, N. O. & Texas Pacific Ry. Co. v. Bohon, 200 U.S. 221, 26 S.Ct. 166, 50, L.Ed. 448, 4, Ann.Cas. 1152.

The pertinent parts of this statute (Section 8511 of Code of Laws of South Carolina) are as follows:

"The commission shall, in the granting of a certificate, require the applicant to procure and file with said commission liability and property damage insurance * * * on such motor vehicle or vehicles to be used in the service * * * insuring * * * passengers * * * and the public receiving personal injury by reason of any act of negligence."

The Act of May 17, 1935, 39 St. at Large, p. 406, now Section 487 of the Code of Laws of South Carolina, provides that a plaintiff may unite in the same complaint several causes of action and specifically states:

"In all cases where it is now or hereafter provided by law that an indemnity bond or insurance must be given by a principal for the performance of contract or as insurance against personal injury founded upon tort, the principal and his surety, whether on bond or insurance, may be joined in the same action and their liability shall be joint and concurrent."

Shortly after the enactment of this statute the question was raised as to whether this applied to insurance such as is at present under discussion where one cause of action appears to arise from a tort and the other from a contract; and also the question arose as to whether punitive damages and actual damages can be claimed and asked for in the same complaint, and whether the amount sued for can be in excess of the amount of the insurance. The question has been further complicated by consideration of the well-known doctrine that it is im-

proper in an action for personal injuries to disclose that the person sued carries insurance or is protected by some guarantor. And so a number of cases have arisen in this State. The first and leading case is that of Piper v. American Fidelity and Casualty Company, 157 S.C. 106, 154 S.E. 106. Shortly thereafter two other cases were decided which explained and clarified the Piper decision, namely, Benn v. Camel City Coach Company, 162 S.C. 44, 160 S.E. 135; and Thompson v. Bass, 167 S.C. 345, 166 S. E. 346.

■ From these cases and a number of others more recently decided we may summarize the law of South Carolina to be that where one has a cause of action for personal injuries against a carrier for hire (but not against a private conveyance) which is required by State statute to furnish liability insurance, that such insurance is for the benefit of the general public, including the person injured, and having been entered into before and issued for the purpose of indemnifying any such person, such injured person has an interest in the policy and can bring suit directly against the insurance company and under the provisions of the Code (hereinabove cited) such action may be brought jointly against the owner and the insurance company and is to be considered as a joint action. However, this is limited to the amount of the insurance and to actual damages sustained, and such a joint suit may not be maintained if punitive damages are claimed or where the amount claimed is larger than the amount of the insurance.

The foregoing will be more fully understood by an examination of a number of South Carolina cases decided more recently than the three above cited.

Andrews v. Poole, 182 S.C. 206, 188 S.E. 860, holds that where the insurance policy is for liability and was not an indemnity policy that the injured party could join the company together with the insured in one action for actual damages within and for not more than the amount of the policy.

Cox v. Employers Liability Assurance Corp., 191 S.C. 233, 196 S.E. 549, holds that in an action against the owner of a privately owned automobile not used as a common carrier, the insurance company may not be joined in the complaint, the action against the owner being in tort against the company on a contract. The court refers to the case of Piper v. American Fidelity and Casualty Company and Andrews v. Poole and points out that the last-named is authority only for common carriers and no contrary holding in the Andrews case is to be followed.

Miles v. Thrower, 181 S.C. 392; 187 S.E. 818, holds that where the insurer and the insured are sued in different amounts for damages and where the elements are different, that they have to be stated in separate paragraphs.

My attention has been called to an opinion of a former judge of this court, the late J. Lyles Glenn. In the case of Moorer v. L. M. Smith, Motor Mutual Insurance Company of South Carolina, et al. (Law No. 3474) [1] Judge Glenn considered a similar matter and remanded the cause to the State court. The opinion is on file in this court and is dated August 27, 1935, but it is not reported. Judge Glenn did not at that time have the benefit of the decisions hereinabove and hereinafter referred to, but did by independent reasoning reach the conclusion which I believe these authorities inescapably point to.

More recently a similar matter was considered in the case of Daniel v. Burdette, D.C., 24 F.Supp. 218, 221, decided August 13, 1938. This case arose in the Western District of South Carolina and Judge Wyche in a very able and interesting opinion outlined substantially the same views above expressed as to the law of South Carolina. In that case, unlike the instant case, the suit was for a very much larger amount than the policy of insurance and the claim was based in part upon punitive damages. Judge Wyche summarizes his views as follows:

"It is, therefore, my opinion that section 487, Code of Laws of South Carolina, 1932, as amended, makes joint and concurrent an action against an insured carrier and the insurance company where the action is for negligence and brought against the insured and insurer for an amount not in excess of

---

[1] No opinion for publication.

the policy limits, and in such event a separable controversy is not stated; but where the damages sought are for wilfulness and negligence or in an amount greater than the policy limits the action is not joint and a separable controversy is presented. The amount sought in this action to be recovered against the insured carrier is for wilfulness as well as negligence and is for more than the policy limits, and the controversy as to the insurance company is, therefore, separable."

In the instant case the form of action and claim meet the requirements outlined by Judge Wyche for a joint action and it is clear that they also meet the requirements as outlined by the various authorities cited and that the causes of action are not separable.

While a matter of this kind is mainly governed by the state law as shown by the declarations of the legislature and the opinions of its courts, quite similar matters have been passed upon in some of the other federal courts. The following cases will be enlightening and are apparently in conformity with the views hereinabove expressed, namely, Morrell v. Lalonde, D.C., 271 F. 19; Lake v. Texas News Co., D.C., 51 F.2d 862; Haenni v. 'Craven, D.C., 56 F.2d 261; Cothran v. Hackel, D.C., 56 F. 2d 263; Lawson v. Glover, D.C., 1 F.Supp. 929; Johnson v. Jordan, D.C., 22 F.Supp., 286.

Counsel for the defendant, seeking to remove this case, has criticized the reasoning of many of the courts whose opinions have been cited and, with good show of logic, has demonstrated that they do not at all base their conclusions upon the same reasoning and some of the reasons rather sharply conflict. The South Carolina cases speak of the two causes of action, the one in tort, the other in contract, and hold that an action can be brought on either or on both, but when brought on both, it is a joint action under the State statute. It would seem that a more searching consideration of the reasons behind the decisions would show that the chief basis for the actions being brought jointly is that the legislature declares not only that it may be a joint action (thus declaring a proce-

dural matter), but that the legislature goes further and creates a substantive law when it declares that a carrier must furnish insurance and thereby the insurance company is rendered liable together with the carrier for any tort. When the insurance company issues a policy it issues it in the light of the South Carolina statute and thereby assumes responsibility for the tort and agrees to be joined in a suit with and against its insured.

■ But irrespective of the reasoning of all of these authorities, we arrive at the same result and it is significant that this has been done in a number of different states in regard to similar statutes. I am, therefore, convinced that the case is not properly removable to this court from the State court because the cause of action is joint and is not separable.

Accordingly, it is ordered that this cause be and the same is hereby remanded to the Court of Common Pleas for the County of Dorchester, South Carolina, for such proceedings as may be appropriate therein.